344 So.2d 451 (1977)
Faris Cooper MEYERS, Plaintiff-Appellee,
v.
Emmett Clyde MEYERS, Defendant-Appellant.
No. 13186.
Court of Appeal of Louisiana, Second Circuit.
March 21, 1977.
Rehearing Denied April 25, 1977.
*452 Bice, Russell & Allen by Charles B. Bice, Winnfield, for defendant-appellant.
Love, Rigby, Dehan & Love by Truly W. McDaniel, Shreveport, for plaintiff-appellee.
Before HALL, MARVIN and JONES, JJ.
En Banc. Rehearing Denied April 25, 1977.
JONES, Judge.
Dr. Emmett Clyde Meyers and Faris Cooper Meyers were divorced on April 3, 1975. Mrs. Meyers filed a Rule against Dr. Meyers on April 14, 1976, seeking permanent custody of their minor children, a son, age 14, and a daughter, age 16, and child support, along with $2000 per month for permanent alimony. From a trial court judgment awarding Mrs. Meyers the permanent custody of the children, $500 per month per child as child support, and $1500 per month as alimony, Dr. Meyers appeals.
Dr. Meyers complains the trial court award of alimony to his former wife was erroneously granted. He alternatively argues the amount awarded was excessive and unsupported by the evidence.
Dr. Meyers' first argument is that the record contains no evidence his former wife was in necessitous circumstances and she is therefore not entitled to alimony under C.C. Art. 160.[1] We disagree.
Mrs. Meyers testified she had no income from employment, she had held garage sales to obtain grocery money, and friends and relatives had donated groceries to help her out. Considering these statements along with the other testimony and evidence presented at trial, including Mrs. Meyers' income tax return, we cannot say the trial court was erroneous in concluding Mrs. Meyers was in necessitous circumstances.
Dr. Meyers alternatively argues even if his former wife is entitled to alimony, the trial judge erred in awarding the sum of $1500 per month. We agree.
The term "maintenance", as used in C.C. Art. 160, while meaning primarily food, clothing, and shelter, also includes such items as reasonable and necessary transportation of automobile expenses, medical and drug expenses, utilities, household expenses, along with the income tax liability generated by alimony payments. Bernhardt v. Bernhardt, 283 So.2d 226 (La. *453 1973). Further, the amount necessary for maintenance of a divorced wife is to be determined by the circumstances of each particular case. Frederic v. Frederic, 302 So.2d 903 (La.1974).
After reviewing both Mrs. Meyers' detailed list of expenses and her testimony concerning those expenses, and after considering the circumstances of this case, we feel the trial judge abused his discretion in awarding alimony of $1500 per month.
Mrs. Meyers presented a detailed list reciting her necessary expenses, which totalled approximately $2000 per month. In this list Mrs. Meyers requested amounts for items clearly not within the scope of C.C. Art. 160 or Bernhardt, supra, including a substantial tithe to her church, recreation expenses, vacation expenses, maid expense, and life insurance premiums for a policy on Dr. Meyers' life. Mrs. Meyers also requested clearly excessive amounts for fees in connection with the preparation of her tax returns, for groceries for herself and for the income tax liability generated by the alimony she received, among others.
When an appellate court finds the trial court erred in the amount of its award for alimony, the appellate court is not free to award an amount it considers "appropriate" based on the evidence, but can only lower the amount to the highest point which is reasonable within the discretion of the trial court. After finding that Mrs. Meyers' request for $2000 per month as permanent alimony was clearly excessive in an amount exceeding $800, we hold under the circumstances of this case, the trial court could not have awarded more than $1200 per month without abusing its discretion.
Dr. Meyers additionally objects to certain amounts he claims were included in the awards for child support. We find nothing in the trial judge's reasons which indicate these amounts were included in the award, and further find the total amount of the award for child support was clearly reasonable in light of Dr. Meyers' income, which was in excess of $85,000 in 1975. Children are entitled to be maintained in the same standard of living as would be their custom if living with their father. Pettitt v. Pettitt, 261 So.2d 687 (La.App., 2d Cir. 1972).
For the foregoing reasons, the judgment of the trial court is modified to reduce the amount of alimony awarded to Mrs. Meyers to the sum of $1200 per month, costs of this appeal to be paid by appellee.
Affirmed as modified.
NOTES
[1] "Art. 160. When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:

1. The wife obtains a divorce;
2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries."