388 So.2d 66 (1980)
A. Dwayne TRACY
v.
Sondra Barton TRACY.
No. 13370.
Court of Appeal of Louisiana, First Circuit.
June 9, 1980.
Sidney C. Sundbery, Houma, counsel for plaintiff and appellant.
James L. Alcock, Houma, counsel for defendant and appellee.
Before ELLIS, CHIASSON and PONDER, JJ.
CHIASSON, Judge.
A. Dwayne Tracy and Sondra Barton Tracy were divorced by judgment signed on November 6, 1979. In the same judgment, alimony to Mrs. Tracy was fixed at $1,071.29.
Mr. Tracy appeals seeking review of certain amounts and items included in the alimony award. Mrs. Tracy answered the appeal seeking to have the alimony award increased to $1,308.50.
Specifically, Mr. Tracy contends that the amounts allowed for food, hospitalization insurance, newspaper, maid service, recreation, vacation, linens and household expenses were either excessive or outside the scope of La.C.C. art. 160.
It is well established that the trial judge has much discretion in fixing the amount of alimony and that such award will not be disturbed on appeal absent a clear abuse of discretion. Ducote v. Ducote, 339 So.2d 835 (La.1976); Jackson v. Jackson, 275 So.2d 456 (La.App. 2nd Cir. 1973).
Due consideration in determining the trial judge has abused his discretion is whether the awards were made for items *67 which are generally considered compensable under La.C.C. art. 160.
Items such as food, clothing, shelter, automobile expenses, medical and drug expenses, utilities, household expenses and tax liability generated by alimony payments have been considered within the purview of La.C.C art. 160. Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973).
Other items such as recreation, vacation, maid expenses and life insurance have been disallowed as outside the scope of art. 160. Meyers v. Meyers, 344 So.2d 451 (La.App. 2nd Cir. 1977).
Considering the foregoing, we conclude that it was improper for the trial judge to make allowances for maid service, recreation and vacation. Although not directly addressed in Meyers, supra, we find that a newspaper is not an item within the scope of art. 160.
We further conclude that food, linens, hospitalization insurance, and household expenses are compensable items and that the amounts awarded therefor were within the sound discretion of the trial judge.
In her answer to the appeal, Mrs. Tracy contends that the awards made for food, telephone, clothing, hospitalization insurance and personal items are inadequate and should be increased. On the basis of the record and the trial judge's discretion, we conclude that an increase in the amount awarded for these items is not warranted. Nor do we find any support for Mrs. Tracy's contention that she should be awarded an amount for gifts to others.
For these reasons the trial court's monthly award of $1,071.29 is reduced to $939.79 monthly to reflect the disallowance of the itemized amounts for maid service, newspaper, recreation and vacation. The judgment is affirmed in all other respects. Appellant and appellee are to bear their own costs of this appeal.
AMENDED AND AFFIRMED.