PONDER, Judge.
Defendant, Maurice Benoit, appealed from the judgment that maintained the alimony awarded to plaintiff, Deanne Vice Benoit, at $250.00 per week.
The issues are the propriety of alimony at all, and if awarded, the amount.
When plaintiff and defendant were separated in 1977, the court ordered defendant to pay $350.00 per week alimony and child support, in addition to paying the monthly installment of $350.00 on the family home. In 1978, the amount of support was reduced by $50.00 per week when one child became a major.
On March 31,1981, defendant filed a rule to terminate alimony and child support. In the interim between the separation in 1977 and the filing of the rule, defendant had secured a divorce in Arkansas. Also, by the latter date, the remaining child had reached majority. Because plaintiff’s counsel was engaged in lengthy litigation, the hearing set for May 1, 1981, was continued, but defendant stopped making any payments. In August, plaintiff filed a rule for accumulation of past due alimony, for contempt and for attorney’s fees. After a consolidated trial of the rules, the court terminated the child support, gave alimony of $250.00 per week, and made accrued payments of $7,000.00 executory. The request for attorney’s fees was denied and appellee did not appeal or answer the appeal.
The Code article governing alimony after divorce reads as follows:
Art. 160. Alimony after divorce
Art. 160. When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of anoth *282 er state or country which had no jurisdiction over the person of the claimant spouse. In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets of the spouse; the liquidity of such assets; the financial obligations of the spouses; including their earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and their obligations to support or care for dependent children; any other circumstances that the court deems relevant.
In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
This alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries.
The guidelines, added by amendment in 1979, constitute partially the codification of some of the jurisprudence, and, we believe, partially a change in policy from prior jurisprudence. We must therefore be careful in depending upon some of that prior jurisprudence. No one of the guidelines is made conclusive as to entitlement or amount. Even before the amendments, however, alimony under that article was regarded as a gratuity in the nature of a pension. Frederic v. Frederic, 302 So.2d 903 (La.1974).
However, an award of alimony will not be disturbed absent a clear abuse of discretion. Tracy v. Tracy, 388 So.2d 66 (La.App. 1st Cir.1980).
We agree that the former Mrs. Be-noit has borne the burden of proof for the continuing of alimony.
We have examined all items allowed and the amounts thereof and can point to no clear abuse of discretion. The' court examined all items, disallowed some and reduced others. The question of capacity to earn was considered.
For these reasons, the judgment is affirmed and the costs are assessed against the appellant.
AFFIRMED.