BOUTALL, Judge.
By a consent judgment rendered after divorce on September 25, 1980, Patrick C. Breaux was ordered to pay to his former wife, Susan Breaux, the sum of $1,760.00 per month as alimony and the sum of $1,000.00 per month as child support for the three minor children age 13,12 and 8. Subsequently, on June 8, 1981 Susan Breaux filed a motion to.increase child support on the basis that the expenses of raising and educating the children have increased and that the defendant has enjoyed substantial increases in his income. In response, Dr. Breaux has moved for a decrease in alimony and child support. The matters came for hearing resulting in an award in favor of Susan Breaux, increasing the alimony to $1,960.00 per month and the child support to $1,200.00 per month, an increase of $200.00 in each instance. Dr. Breaux appeals.
On this appeal, appellant points out that Susan Breaux requested no increase in alimony, and she concedes this to be true. It is therefore apparent that the court erred in making this award to her. It is equally apparent that one of the basic issues in the dispute between the parties is the amount of child support to be awarded. Additionally, Dr. Breaux puts at issue the question of whether Susan Breaux is entitled to any award of alimony at all.
The arguments and the evidence presented for each party revolves about the amount of expenses and the income of each. We point out that the alimony and child support has been set by consent from the initial pendente lite proceedings to the decree mentioned above after divorce. It is incumbent upon a party seeking to change such a consent decree that the circumstances have changed from that time to a degree substantial enough to warrant a change in the award. See Vial v. Vial, 422 So.2d 523 (La.App. 5th Cir.1982), and the cases cited therein. Considering the proof in this case, we find that the father of the children has had an increase in his income and that the expenses of the children have also increased. Conversely, we find no facts which support a conclusion of substantial change in situation which would warrant reduction or elimination of the alimony awarded to Mrs. Breaux. We see no need to discuss in detail the income and expenses of the parties. Indeed they are both substantial. Except for the award of an increase in alimony to Mrs. Breaux, the judgment complained of is well within the discretion afforded the trial judge both as to amount and as to the time of starting the increase.
For the reasons assigned, the judgment appealed is amended by annuling the increase of alimony awarded to Mrs. Breaux of $200.00 per month and reinstating alimo *977 ny at the rate of $1,760.00 per month; the award of child support is affirmed.
AMENDED AND AFFIRMED.