KLIEBERT, Judge.
Patrick C. Breaux, the husband, appeals from a judgment denying his rule to terminate alimony payments to his wife, Susan Breaux. The issue on appeal is whether the trial judge gave proper consideration to the wife’s earning capacity in refusing to terminate the alimony award. We think he did and, hence, affirm his judgment.
On a rule filed after the granting of a final divorce, the husband was condemned to pay to the wife alimony of $1,760.00 per month and $1,000.00 per month for the support of their children who were 13, 12 and 8 years of age. See Breaux v. Breaux, 425 So.2d 975 (La.App. 5th Cir. 1983), an opinion of this court reducing the trial court alimony award of $1,960.00. While the trial court rule setting the alimony and child support was pending an appeal, the husband, alleging a change in circumstances, i.e., the wife’s earning capacity, filed a rule to terminate the alimony payments. The wife countered with a rule to increase the child support. After hearing the evidence, on a combined hearing for both rules, the trial judge refused to terminate the wife’s alimony and increased the child support to $750.00 per child per month. The husband appealed only the trial judge’s refusal to terminate the alimony award to the wife.
In the trial court and here the husband contends the wife is a young, professional? ly trained and licensed nurse who is in good health and who, at the time of the filing of the rule, .was gainfully employed as a Director of Nursing at a monthly salary of $1,600.00 per month. The record shows that about the same time she was served with the husband’s rule, she terminated her employment.
According to the wife’s testimony, during the marriage and after the divorce she did not work; but, in 1982 she elected to accept employment on a trial basis. During the six month trial period, she found it would not work out because her working was having an adverse effect on the children, particularly on the one receiving psychiatric counseling. Further, she- found her work was restricting her and the children’s activities to the point “[the] children had become very quiet, to themselves; essentially what we had was a house that four people lived in...” She felt a greater obligation to her children than to her employment, hence, she terminated the employment to have more time to spend with the children.
Dr. Roy, a psychiatrist, testified that Mrs. Breaux had sought his advice, about the effect of her employment on the children, prior to accepting the employment. Thereafter, she decided to accept the employment on a trial basis. A few days prior to the trial, she informed him she had elected to terminate the employment because of her concern over the children’s welfare.
Civil Code Article 160-A provides in pertinent part as follows:
“In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouse’s earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and their obligations to support or care for dependent children; and any other circumstances that the court deems relevant.

In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.

Permanent periodic alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries.” (Emphasis Supplied.)
From the evidence, the trial judge concluded the wife had made a sincere attempt to be gainfully employed but was unable to keep the job because of a genuine *6 concern for the welfare of her children. We agree with his conclusion. Under our law, the trial judge has “much discretion” in determining the amount of alimony-granted. Super v. Super, 397 So.2d 1084 (La.App. 4th Cir.1981); Kean v. Kean, 388 So.2d 398 (La.App. 1st Cir.1980). Considering the means of the husband (in excess of $250,000.00 yearly), the custody and welfare of the children, along with the wife’s earning capacity, we cannot say the trial judge abused his discretion in refusing to terminate the alimony. Under the circumstances present here, the better welfare of the children is for the wife to stay at home and devote herself to her minor children’s needs as she had done while she was married to the appellant husband.
Accordingly, the trial court’s judgment is affirmed. All costs to be borne by the husband.
AFFIRMED.