452 So.2d 432 (1984)
Victor Lavelle RUTHERFORD, Plaintiff-Appellant,
v.
Djuana Blackwell RUTHERFORD, Defendant-Appellee.
No. 83-788.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1984.
*433 Watson, Murchison, Crews, Arthur & Corkern, Ronald E. Corkern, Jr., Natchitoches, for plaintiff-appellant.
Kenneth N. Simmons, Many, for defendant-appellee.
Before GUIDRY, LABORDE and KNOLL, JJ.
GUIDRY, Judge.
At issue in this case is the entitlement of the defendant, Djuana Blackwell Rutherford, to alimony after divorce and, in the alternative, the amount of such award. The trial court awarded the defendant alimony in the amount of $300.00 per month. The plaintiff, Victor Lavelle Rutherford, appeals.
The parties were married on April 8, 1982. On August 2, 1982, Djuana Rutherford filed suit seeking a separation from bed and board on grounds of cruel treatment. Victor Rutherford filed an answer and reconventional demand wherein he sought a separation on the same grounds. The trial court rendered the judgment of separation on September 28, 1982, in favor of Djuana Rutherford. That judgment is now final. The plaintiff in the instant suit, Victor Rutherford, filed this divorce action asserting that there had been no reconciliation between the parties for six months following the rendition of the judgment of separation. LSA-R.S. 9:302. The defendant filed an answer and reconventional demand, seeking a divorce on the same grounds, and further seeking alimony after divorce. The trial court granted the judgment of divorce and awarded the defendant alimony in the amount of $300.00 per month.
The plaintiff on appeal principally contends that the trial court erred in finding the defendant entitled to alimony after divorce. In particular, he urges that the defendant, plaintiff in reconvention, failed to prove her freedom from fault as required by LSA-C.C. Art. 160.

PRE-SEPARATION FAULT
LSA-C.C. Art. 160 provides that a spouse may be awarded alimony after divorce if he or she is without fault and has insufficient means for support. The claimant spouse bears the burden of proving his or her freedom from fault in order to be entitled to alimony after divorce. Palmer v. Palmer, 433 So.2d 346 (La.App. 3rd Cir. 1983), writ denied, 441 So.2d 213 (La.1983); Boudreaux v. Boudreaux, 407 So.2d 1363 (La.App. 3rd Cir.1981). However, a determination of fault in a prior separation proceeding bars relitigation of the issue of pre-separation fault for the purpose of determining a spouse's entitlement to post-divorce alimony. Fulmer v. Fulmer, 301 So.2d 622 (La.1974); Lovell v. Lovell, 386 So.2d 1063 (La.App. 3rd Cir.1980).
*434 The parties to this suit each sought a separation on grounds of cruel treatment. The matter was tried and the trial court rendered a judgment of separation in favor of the defendant herein, Djuana Rutherford. The defendant, at trial of the instant matter, introduced a copy of the judgment as well as the pleadings filed in connection with the separation suit. The judgment of separation in her favor clearly precluded any reconsideration of pre-separation fault in the subsequent divorce proceedings. Fulmer v. Fulmer, supra. By introducing the judgment of separation, the defendant conclusively carried her burden of proving herself free of pre-separation fault.

POST-SEPARATION FAULT
While it is clear that defendant has shown her freedom from pre-separation fault, the record is silent on the question of post-separation fault. It is well established that a spouse is not entitled to alimony after divorce when he or she is guilty of post-separation fault. Moon v. Moon, 345 So.2d 168 (La.App. 3rd Cir.1977), writs denied, 347 So.2d 250 (La.1977).
In the instant case, neither party made any allegations or offered any evidence of post-separation fault or lack thereof. Thus, the issue must be resolved by a determination of which party bears the burden of proof regarding post-separation fault. We conclude that there is no affirmative burden on the part of the spouse found free of pre-separation fault in a prior separation judgment to prove his or her freedom from post-separation fault. Rather, we find that the spouse against whom alimony is sought bears the burden of proving post-separation fault on the part of the claimant spouse in order to defeat such claim.
In Fulmer v. Fulmer, supra, the Supreme Court considered the limitations on litigating fault in a divorce action after fault had been previously litigated in a separation suit. The facts of the case are very similar to those in the instant case. The wife had obtained a judgment of separation on grounds of the husband's fault. The husband subsequently sought a divorce based upon the expiration of one year and sixty days following judicial separation with no reconciliation. LSA-R.S. 9:302.[1] After an extensive discussion of the legislative history of LSA-C.C. Art. 160, the court stated:
"Thus, where a judicial separation is decreed as caused by the fault of one spouse or the other, such fault as judicially determined to be the cause of the separation is normally determinative of the issue of whether the husband or the wife is or is not at fault, for purposes of deciding whether the wife is entitled to alimony under Article 160. Such a conclusion is, of course, not applicable if the divorce is sought for post-separation fault, such as adultery; for the sole effect of the separation judgment is a conclusive adjudication as to which spouse's pre-separation fault primarily caused the separation."
The court thereafter concluded:
"We therefore affirm the holding of the district court and of the court of appeal that, in these divorce proceedings grounded upon non-reconciliation following the judgment of separation, the wife is entitled to alimony without any further proof of fault than the judgment of separation by which her husband's fault was judicially determined to be the cause of the separation, and that, under these circumstances, the husband is not entitled to re-litigate this issue."
In Fulmer, the court did not consider the precise issue presented in this case. However, it is significant that the court stated that the determination of pre-separation fault in separation proceedings is "normally determinative" of fault, or lack thereof, for purposes of determining a spouse's entitlement to alimony after divorce. Furthermore, the court placed no affirmative *435 burden on the wife to prove her freedom from post-separation fault.
In Webster v. Webster, 308 So.2d 302 (La.App. 1st Cir.1975), a husband against whom a judgment of separation was granted on grounds of cruel treatment sought to prove fault on the part of his wife in the subsequent divorce proceedings to defeat her claim for alimony. Our brethren of the First Circuit interpreted Fulmer as follows:
"... once a wife's freedom from fault has been determined in a separation proceeding, the only issue concerning fault of the wife in a subsequent divorce proceeding is whether the wife has been guilty of fault subsequent to the decree of separation. In such instances, it is incumbent upon the husband to establish the wife's fault subsequent to the separation decree."
In our view, the foregoing is a correct interpretation of Fulmer, and properly places the burden of proving post-separation fault on the spouse seeking to defeat the alimony claim. Because the judgment of separation conclusively determined preseparation fault, and no evidence of postseparation fault was offered, the defendant, plaintiff in reconvention, is considered to be without fault for purposes of determining her entitlement to alimony after divorce.

PLAINTIFF'S ABILITY TO PAY ALIMONY
The defendant introduced an affidavit listing her expenses at $644.50 per month. She is employed by a restaurant where she works 27 hours per week, earning a net income of approximately $350.00 per month. The plaintiff was employed by Hutton Drilling at the time of trial. He earned a net income of $1,660.00 per month. He testified that the rig on which his crew had been working was being brought down, and he had been laid off as a result. He had not secured new employment. The plaintiff listed his monthly expenses at $1,361.05. However, one of the expense items listed is a monthly payment of $155.73 to a jeweler. The plaintiff testified that the next payment would be the last installment on the debt. Thus, after this final payment, the plaintiff's listed monthly expenses will total $1,205.32.
The trial court awarded the defendant $300.00 per month in alimony after divorce. The plaintiff urges that the trial court erred in failing to consider the fact that he was unemployed and without any property or earnings out of which to satisfy his alimentary obligation.
It is well settled that, in order to excuse himself from the obligation of providing minimal financial assistance to his wife and children, a husband must show that he is absolutely unemployable, not merely that he is unemployed at the time. Sykes v. Sykes, 308 So.2d 816 (La.App. 4th Cir.1975); McKenna v. Steen, 422 So.2d 615 (La.App. 3rd Cir.1982), writ denied, 429 So.2d 157 (La.1983). The foregoing rule is consistent with LSA-C.C. Art. 160, which provides that the earning capacity of the spouses shall be considered in determining the amount of post-divorce alimony.
In the instant case, there is no showing that the plaintiff is unemployable. The plaintiff testified that he had not sought other employment, nor had he looked into the possibility of obtaining unemployment benefits. We should point out, however, that the plaintiff may not have had the opportunity to do so, having learned of his layoff just prior to the trial of this matter. Nonetheless, absent some showing that the plaintiff will be unable to find another job in his field at a comparable rate of pay, we feel compelled to conclude that his earning capacity has not changed. Our conclusion in this regard might be different had the record shown that the job market for the plaintiff's skills was substantially depressed, or that after diligently seeking new employment, the plaintiff was unable to secure another job, or that he was relegated to some employment which paid less than that in which he was formerly engaged.
*436 The trial court is vested with much discretion in fixing awards of alimony. Such awards will not be disturbed absent a clear abuse of discretion. Benoit v. Benoit, 424 So.2d 281 (La.App. 1st Cir. 1982). We find no abuse of discretion in the amount awarded. We observe that the award may be modified by either party upon a showing of a change in circumstances. Lynn v. Lynn, 430 So.2d 363 (La.App. 3rd Cir.1983), writ denied, 434 So.2d 1094 (La.1983).
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed to plaintiff-appellant.
AFFIRMED.
NOTES
[1] LSA-R.S. 9:302 now provides that a divorce may be granted either spouse upon the expiration of six months following the judgment of separation when there has been no reconciliation.