SAVOIE, Judge.
Defendant, Joe E. Anderson, appeals a judgment of the trial court granting a divorce and awarding permanent alimony to plaintiff, Margaret Dolan Anderson, finding that defendant was at fault and plaintiff was free from fault.
The parties were married on September 8, 1961, in Jeffersonville, Indiana. Thereafter, in 1974, they moved to East Baton Rouge Parish where they established their matrimonial domicile. On August 19,1983, while still residing in East Baton Rouge Parish, the parties began living separate and apart on a permanent basis. On August 31,1984, plaintiff filed suit for separation based upon mental cruelty on the part of defendant, or alternatively, for divorce on the basis of living separate and apart for more than one year without reconciliation. Defendant filed an answer and recon-ventional demand on October 2, 1984, seeking a divorce based on plaintiff’s fault which he claims led to the breakup of the marriage. Prior to trial, defendant was ordered to pay plaintiff $2,500 per month as alimony pendente lite pursuant to a stipulation between the parties.
Following trial on the merits, judgment was rendered in favor of plaintiff, granting her a divorce.[1] The court specifically found that defendant was at fault in causing the breakup of the marriage and that plaintiff was free from fault.[2] Plaintiff was also granted permanent alimony in the amount of $1,800 per month.
From this judgment, defendant has appealed alleging the following specifications of error:
1. The trial court erred in admitting over the objection of the husband’s counsel testimony concerning specific fault of the husband.
2. The trial court erred in finding the husband entirely at fault and the wife free from fault.
3. The trial court erred in granting a permanent alimony award to the wife.
SPECIFICATION OF ERROR NO. 1
Defendant argues that the trial court erred when it allowed plaintiff, over objection, to introduce into evidence a letter to plaintiff from defendant. This letter, written after the parties had physically separated, contained expressions of defendant’s feelings toward plaintiff and their past relationship. Defendant contends that the letter was introduced in an attempt to establish fault on his part, and that since *408 plaintiff did not specifically allege fault in her petition, introduction of this letter constitutes an expansion of the pleadings. We do not agree but rather, on the contrary, find that the letter was introduced for the sole purpose of establishing plaintiff’s freedom from fault.
By making a request for permanent alimony in her petition, plaintiff assumed the burden of proving that she was free from fault. Steib v. Steib, 469 So.2d 20 (La.App. 1st Cir.1985). The introduction of this letter was for the purpose of meeting that burden. The letter, which contains no implication of fault on the part of defendant, expresses his feelings that plaintiff has been a wonderful wife and mother. The intent of its introduction was clearly for the purpose of negating fault on plaintiffs part rather than establishing defendant’s fault. For these reasons we find no error on the part of the trial court in allowing the letter into evidence.
SPECIFICATION OF ERROR NO. 2
Defendant next contends that the trial court erred in its determination of fault. Specifically, defendant claims that the court erred when it found him to be at fault and plaintiff to be free from fault.
We note at the outset that the question of fault on the part of plaintiff was clearly relevant based upon her request for permanent alimony. However, LSA-C.C. art. 160 only requires a showing that the party requesting alimony is free from fault and not that the other party is guilty of fault. Moreover, plaintiff’s grounds for divorce were based upon LSA-R.S. 9:301 which does not require a finding of fault on either party. Therefore, any determination of fault on the part of defendant was superfluous.
In a divorce or separation proceeding, the trial court’s finding of fact on the issue of fault is entitled to great weight and will not be disturbed on appeal absent a finding of manifest error. Jenkins v. Jenkins, 441 So.2d 507 (La.App. 2nd Cir.1983), writ denied, 444 So.2d 1223 (La.1984); and Aguillard v. Aguillard, 380 So.2d 104 (La.App. 1st Cir.1979), writ denied, 381 So.2d 1206 (La.1980).
After a thorough review of the record, we cannot say that the trial court was clearly wrong in finding that plaintiff was free from fault. The evidence establishes that while the parties may have had numerous arguments, they were no more serious than normal marital disputes and that each party started their share of the arguments. Defendant’s contention that plaintiff began carousing and frequenting nightclubs is unsupported by the record. The record reveals that while plaintiff may have gone out with friends on one or two occasions prior to the separation, there was no evidence that this was a routine practice. Furthermore, plaintiff testified that on only one occasion in the twenty-two years the parties lived together did she have too much to drink, and on that occasion she called defendant to come pick her up. As to defendant’s claim that plaintiff was carousing and picking up men, it is unsupported by evidence. Plaintiff, on the other hand, offered testimony of Mrs. Bou-dreaux, a close friend and confidant of plaintiff. Mrs. Boudreaux testified that she was with plaintiff on the occasions in question, and that except for the one instance in which plaintiff drank excessively, plaintiff’s conduct was decorous. This clearly supports the trial court’s finding of no fault on the part of plaintiff.
Although we previously noted that a finding of fault on the part of the defendant was superfluous, we nevertheless feel it necessary to address that issue. In doing so, we find the record to be totally void of any evidence supporting a finding that defendant was at fault in the breakup of the marriage. For the same reasons earlier outlined showing plaintiff to be free from fault, we also find defendant to be without fault. There was no showing made that defendant was guilty of any serious misconduct which could be deemed to be an independent contributory cause of the marriage’s breakup. As previously shown, both parties were responsible for *409 starting their share of arguments which seems to have led to the breakup. Additionally, plaintiff herself testified that she and defendant mutually agreed that it would be best to separate and try to work out their problems. Viewing the record as a whole, this does not seem to be a case of fault by either party, but rather a mutual decision on the part of two mature individuals to seek a better life apart from one another. Therefore, the trial court was clearly wrong in finding defendant to be at fault in the breakup of the marriage.
SPECIFICATION OF ERROR NO. 3
Finally, defendant contends the trial court erred in awarding plaintiff permanent alimony. It is a well established principle that an award of alimony will not be disturbed absent a clear abuse of discretion. Benoit v. Benoit, 424 So.2d 281 (La.App. 1st Cir.1982).
After examining the record, we find that the award, though generous, was within the discretion of the trial court. As previously shown, the trial court correctly found that plaintiff was without fault. Pursuant to the provisions of LSA-C.C. art. 160, the trial court closely examined both the needs and earning capacity of plaintiff, as well as the income and means of defendant and made an award of $1800 per month. However, we note that an award of alimony can always be vacated or modified later when there has been a change in circumstances. Brown v. Harris, 225 La. 320, 72 So.2d 746 (1954); and Kees v. Kees, 292 So.2d 307 (La.App. 1st Cir.1974).
For the above and foregoing reasons, the judgment of the trial court is affirmed insofar as it granted plaintiff a divorce on the basis of living separate and apart for more than one year, and awarding alimony in the amount of $1800 per month. The judgment is amended to reverse the finding that defendant was at fault. Costs of this appeal are to be paid half by plaintiff-appellee, half by defendant-appellant.
AFFIRMED IN PART, AMENDED IN PART AND, AS AMENDED, AFFIRMED.

. The trial court failed to favor us with reasons for judgment.

. We note that a finding of fault on the part of a spouse as pled herein is not a grounds for divorce enumerated in LSA-C.C. art. 139, but rather may be grounds for separation under LSA-C.C. art. 138.