490 So.2d 758 (1986)
Albert GUILLORY, Plaintiff-Appellee,
v.
Blanche Edgar GUILLORY, Defendant-Appellant.
No. 85-745.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1986.
*759 Lynn A. Derouen, New Iberia, for defendant-appellant.
Darlene S. Simmons and Karen Longon, Baton Rouge, for plaintiff-appellee.
Before STOKER and YELVERTON, JJ., and BERTRAND, J. Pro Tem.[*]
YELVERTON, Judge.
In this divorce proceeding, the trial court found that Blanche Edgar Guillory was not free from fault, and therefore not entitled to permanent alimony. She appealed. We reverse and award her alimony of $200 a month.
In 1983 she sued her husband, Albert Guillory, for a legal separation on the grounds of cruel treatment and abandonment. Albert answered denying these allegations. A later stipulation between the parties resulted in a judgment being rendered for the wife granting the separation based on Albert's fault. In 1984 Albert filed for divorce based on living separate and apart for six months, after the judgment of separation, as authorized by La. *760 R.S. 9:302. The petition stated that Albert desired to pay his wife permanent alimony at $200 a month until she would become eligible for Social Security benefits. About three months later Albert filed asking for leave to file a supplemental and amending petition claiming he was unaware of the allegations and legal consequences of his original petition. Leave of court was granted, and the original petition was amended to allege that Blanche was not entitled to permanent alimony due to both pre-separation and post-separation fault on her part, and alternatively that Blanche did not need alimony and that in any event, Albert lacked the means to provide it. At the trial the trial court, over the objection of Blanche's counsel, allowed evidence relating to her pre-separation fault. On April 19, 1985, the judgment of divorce was granted. The trial court rendered judgment denying Blanche permanent alimony by finding that she did not sustain her burden of proof that she was free from fault.
The three issues before us are: 1) whether the trial court erred in allowing Albert to relitigate the pre-separation fault of the wife; 2) whether it was error to find Blanche at fault; and 3) if so, was she entitled to an award of permanent alimony?
RELITIGATION OF FAULT
Appellant argues that the separation judgment finding Albert at fault bars the relitigation of pre-separation fault in a subsequent divorce proceeding, and that the trial court therefore erred in allowing Albert to introduce evidence of Blanche's pre-separation fault. Albert responds with the argument that the parties merely stipulated to his fault at the separation proceeding, and that hers was never raised nor litigated in the earlier proceeding. We agree with Blanche. Her position is supported by the jurisprudence.
In Fulmer v. Fulmer, 301 So.2d 622 (La.1974), the wife obtained a judicial separation on the ground of the husband's abandonment. After a year and sixty days had elapsed, the husband filed suit for final divorce, based upon the expiration of one year following judicial separation without reconciliation, as authorized under former La.R.S. 9:302. At the trial post-divorce alimony was an issue. The question before the Supreme Court was whether the determination of marital "fault" in the separation proceeding barred relitigation of the "fault" issue for purposes of an award of permanent alimony.
In that case the Supreme Court held as follows:
"... [T]he judicial determination, in the separation proceeding, of the party at fault in the separation bars re-litigation, in the subsequent divorce proceeding, of the fault which caused the separation, when such need be determined for the purpose of awarding post-divorce alimony under the code article. We do so, as we will explain, on the basis of what we believe to be the legislative intent as deduced from the legislative history of the article.
"We assume that the legislative choice is based on the judicial economy and consistency represented by having the separation-causing fault determined once and in the separation proceedings itself, rather than litigating (or re-litigating) it in the much later divorce proceedings where, with different testimony or less recent recollection, the separation-causing fault might even be determined contrary to that determined at an earlier well-tried and hotly-contested separation adjudiciation.
* * * * * *
"... A judgment of separation in favor of the wife is a judicial determination of the marital fault which caused the judicial separation. As to the pre-separation fault, it should constitute a conclusive determination which equally bars re-litigation of the issue of fault, when alimony is sought under Article 160, whether the divorce is based either on La.R.S. 9:301 or on 9:302. It should equally bar the husband or the wife from re-litigating such issue.
"Thus, where a judicial separation is decreed as caused by the fault of one *761 spouse or the other, such fault as judicially determined to be the cause of the separation is normally determinative of the issue of whether the husband or the wife is or is not at fault, for purposes of deciding whether the wife is entitled to alimony under Article 160. Such a conclusion is, of course, not applicable if the divorce is sought for post-separation fault, such as adultery; for the sole effect of the separation judgment is a conclusive adjudication as to which spouse's pre-separation fault primarily caused the separation."
In Moon v. Moon, 345 So.2d 168 (La.App. 3rd Cir.1977), writ denied 347 So.2d 250 (La.1977) the wife filed suit for separation on the grounds of the husband's cruelty. The husband reconvened urging mutual fault as a defense to the separation. Subsequently the husband chose not to oppose his wife's suit for a separation on the grounds of adultery. Rather than litigating the issue of the wife's fault, the attorneys for both parties entered into a stipulation that the judgment was not determinative of the issue of the wife's freedom from fault for alimony purposes since that issue was not litigated. The wife subsequently filed suit for a divorce based upon separation for over one year after the judgment of separation, and for alimony. The husband urged that the wife was not entitled to alimony because she was not free from fault, both pre-separation and post-separation. The wife filed a motion to strike the husband's allegations of her fault. The trial court granted the motion and refused to allow litigation of either pre-separation or post-separation fault. The husband appealed. This court held on appeal that the trial court correctly sustained the wife's motion to strike all allegations of pre-separation fault on her part, since the separation judgment barred relitigation of pre-separation fault, even though the parties attempted to stipulate that the judgment would not be determinative of the issue of the wife's pre-separation fault. This court found the stipulation to be invalid, since the purpose of entitling litigants to one hearing on the question of pre-separation fault is to achieve judicial economy, and the litigants could not by stipulation require the courts to relitigate a matter that had been previously adjudicated.
In the present case the parties stipulated that the separation was caused by the fault of the husband. Judgment was entered against Albert and in favor of Blanche. Under Fulmer, supra, Albert's fault was judicially determined to be the cause of the separation and is therefore determinative of the issue of whether he or she was or was not at fault in causing the separation, for purposes of deciding whether Blanche is entitled to permanent alimony. As to the pre-separation fault, the judgment of separation is a conclusive determination, barring its relitigation. Therefore, the trial court erred in allowing Albert to relitigate the issue of Blanche's pre-separation fault.
WAS BLANCHE FREE FROM FAULT?
The spouse seeking alimony bears the burden of proving his or her freedom from fault in order to be entitled to alimony after divorce. Rutherford v. Rutherford, 452 So.2d 432 (La.App. 3rd Cir.1984). Once she introduced the judgment of separation, Blanche conclusively carried her burden of proving herself free of pre-separation fault. However, her freedom from post-separation fault is likewise a prerequisite to an award of alimony after divorce. Id. But proof of post-separation fault of the claiming spouse is the burden of the spouse against whom alimony is sought. Id. Here, the burden was on Albert to prove Blanche's post-separation fault, if he was to defeat her claim.
No evidence of post-separation fault was offered by Albert. Because the judgment of separation conclusively determined pre-separation fault and there was no evidence of post-separation fault, Blanche is considered to be without fault for purposes of determining her entitlement to alimony after divorce. The trial court erred in failing to find that Blanche was free from fault. Accordingly, Blanche is entitled to *762 alimony provided there is a demonstrated need.
THE AWARD
As this court stated in Buxton v. Buxton, 458 So.2d 606 (La.App. 3rd Cir.1984):
"Alimony after divorce is only due if the spouse seeking it proves that he or she is without fault and in necessitous circumstances. Frederic v. Frederic, 302 So.2d 903 (La.1974). The spouse who demonstrates a need for permanent alimony is only entitled to an amount sufficient to provide for his or her maintenance. Ward v. Ward, 339 So.2d 839 (La.1976). Those items which are encompassed by the term "maintenance" are: food, shelter, clothing, reasonable and necessary transportation or automobile expenses, medical and drug expenses, utilities, household expenses and the income tax liability caused by alimony. Loyacano v. Loyacano, 358 So.2d 304 (La.1978), vacated on other grounds, 440 U.S. 952, 99 S.Ct. 1488, 59 L.Ed.2d 766 (1979), affirmed on remand, 375 So.2d 1314 (La.1979). The amount of alimony fixed by the trial court should not be modified unless the record reveals that it abused the sound discretion with which it is vested under La.C.C. Art. 160. Oddo v. Oddo, 416 So.2d 241 (La.App. 1st Cir. 1982)."
The record in the present case is sufficiently complete for us to make an award. Blanche introduced a financial statement listing her expenses at $490 a month. One of these is an automobile expense of $150 a month for her Lincoln Continental. She stated that her only source of income other than what she had been getting as alimony pendente lite, was $156 a month in Social Security benefits. At the time of trial she was 64 years old and unable to work due to a heart condition. Under these facts it is clear that she is in necessitous circumstances. However, considering these facts we also find that the $150 a month expense for the maintenance of a Lincoln Continental does not meet the test for reasonableness and necessity under the standards for alimony after divorce. All the other listed expenses appear to be reasonable and necessary.
Albert argued at trial that he was without any property or earnings out of which he could satisfy his alimentary obligation. He testified that he is presently retired and his only source of income is Social Security benefits in the amount of $363 a month. He had formerly owned his own business which he closed two years before trial. He was 65 years old at the time of trial. His monthly expenses for food, electricity, and telephone amounted to around $270 a month. He lives in the building where his business was formerly located. The trial court questioned him as to whether he could support himself on his Social Security benefits. He responded that he believed he would have to go back to work, adding that he was in good health. The trial court then questioned him about whether it would be hard for him to get a job at his age. He responded, "No, I'm self-employed."
In order for a spouse to excuse himself or herself from the obligation of providing minimal financial assistance to his wife or husband, the spouse must show that he is absolutely unemployable, not merely that he is unemployed at the time. Rutherford, supra.
Under the present facts, there is no showing that Albert is unemployable. Therefore, his earning capacity is considered in determining the amount of post-divorce alimony. See Rutherford, supra. We find an award of $200 a month to Blanche is reasonable under the circumstances of this case.
For the reasons assigned the judgment of the trial court is reversed; and judgment is hereby rendered in favor of Blanche Edgar Guillory against Albert Guillory awarding her $200 a month post-divorce alimony, with costs below and on appeal to be shared equally by the parties.
REVERSED AND RENDERED.
NOTES
[*] Judge Lucien C. Bertrand, Jr. of the Fifteenth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.