DOUCET, Judge.
The sole issue presented on this appeal is whether the trial judge erred in awarding a wife post-divorce alimony in the sum of $150.00 per month.
Although she was earning a small salary at the time of the trial, the plaintiffs un-contradicted affidavit and testimony reveal that she does not have sufficient means for her support. The husband, a farmer, incurred huge losses in 1982 and 1983, and he apparently has no other income. In 1985 he made a dation en paiement of all his land (which belonged to his separate estate) to the Federal Land Bank and insti *995 tuted bankruptcy proceedings under Chapter 11 of the federal law. However, he still has his mortgaged farming equipment and intends to lease a portion of the property from the bank and farm it during the growing season. The trial judge concluded that Mr. Freeman could pay alimony in the amount awarded.
In Rutherford v. Rutherford, 452 So.2d 432, 435 (La.App. 3rd Cir.1984), we stated:
“It is well settled that, in order to excuse himself from obligation of providing minimal financial assistance to his wife and children, a husband must show that he is absolutely unemployable, not merely that he is unemployed at the time.”
The trial court has considerable discretion in fixing the amount of alimony to be awarded under LSA-C.C. art. 160. Breaux v. Breaux, 443 So.2d 4 (La.App. 5th Cir. 1983). Such awards will not be disturbed in the absence of a clear abuse of discretion. Benoit v. Benoit, 424 So.2d 281 (La. App. 1st Cir.1983). We find no abuse of discretion in the award made in this case. Consequently, the judgment of the trial court is affirmed at appellant’s cost.
Attached hereto as an appendix is a copy of the trial judge’s reasons for judgment.
AFFIRMED.
APPENDIX
CIVIL DOCKET NUMBER 19686 28TH JUDICIAL DISTRICT COURT
PARISH OF LASALLE
STATE OF LOUISIANA REASONS FOR JUDGMENT
This matter came before the Court for trial on May 7, 1985. JESSIE JANENE WINDHAM FREEMAN was represented by the Court by Lloyd E. Hennigan, Jr., Attorney at Law. Clark Fontaine Freeman was represented by V. Russell Purvis, Attorney at Law.
After hearing the case,, only one issue remained for decision. That was the issue of alimony on behalf of Ms. Freeman. The Judgment of Divorce was ordered in favor of Ms. Freeman, the Court finding Mr. Freeman to be at fault based upon the record hereof.
The facts are rather simple before the Court. Mr. and Mrs. Freeman were married in April of 1983 and separated in September of 1983. The testimony is undisputed that Mr. Freeman contributed little to the marriage, and perhaps paid two or three light bills or telephone bills. It is clear from the record that Mr. Freeman did little to support Ms. Freeman during the short term of the marriage.
The evidence also reflected that Mr. Freeman was in the process of filing a Chapter 11 Bankruptcy under Federal Law as of the time of the divorce hearing. The Court questioned the jurisdiction of the divorce based upon the Automatic Stay Provisions of the Bankruptcy Act and was for this reason that the matter was taken under advisement.
Neither party has supplied the Court of any cases to indicate whether or not the Automatic Stay Order 11 U.S.C.A. § 362 is directly applicable. However the Court feels, and the parties do not disagree, that this Court can decide the alimony question pursuant to the provisions of 11 U.S.C.A. § 362(b)(2).
It is the position of the defendant that he should pay no alimony or contribute to the support of his former wife as he contributed little or nothing in the marriage. Additionally, the evidence presented reflects tremendous tax losses on his previous tax returns and suggests to the Court that since alimony cannot exceed one-third of a spouses income, he should be precluded from paying anything.
The plaintiff argues that the Court should not be influenced by the fact that Mr. Freeman did not support Ms. Freeman during the marriage and despite the tax losses, he should be obligated to support Ms. Freeman to some degree at this time.
Alimony after divorce is defined by Civil Code Art. 160 which reads in part as follows:
A. When a spouse has not been at fault and has not sufficient means for sup *996 port, the Court may allow that spouse, out the property and earnings of the other spouse, periodic alimony which shall not exceed one-third of his or her income....

LSA C. C. art. 160

The issue of fault has been decided in favor of Ms. Freeman and the Affidavit filed of record reflects that she does not have sufficient means for support. However, the evidence presented further reflects that her former spouse has no property in his possession and appears to have no income. Also, although the defendant still has his equipment, the liquidity of that asset is subject to question. His financial obligations are overwhelming and there exists no property which might satisfy a lump sum alimony award. Still, the evidence does reflect that the defendant has some degree of flexibility in that potential arrangements have been made to lease approximately eleven hundred acres of land and, with the help of a Farmers Home Administration crop loan, he fully intends to farm the property in this growing season and, hopefully, in doing so, will generate income.
The Court agrees with plaintiff that the fact Mr. Freeman has overlooked his obligations in the past should not allow him to ignore his obligations at present. At the same, the Court feels restrained to generate a long term unreasonable obligation created by a marriage which lasted only five months.
Further, the existence of the Chapter 11 proceedings as well as the mandate of Art. 160 of the Civil Code prohibiting the awarding of alimony in excess of one-third of the defendant’s income precludes the consideration of any appreciable award.
The Court believes that the defendant can pay the sum of $150.00 per month as alimony and that such a sum will not violate the provisions of Art. 160 of the Civil Code and that the Court does consider the nature of the farming business, the fact that income is produced by such business in the form of cash, product, and tax advantages that a wage earner does not have. As such, the Court does award the sum of $150.00 per month as alimony to the plaintiff.
All costs of this litigation is to be born by the defendant, CLARK FONTAINE FREEMAN.
Jena, LaSalle Parish, Louisiana this 30th day of May, 1985.
/s/ Jimmie C. Peters JIMMIE C. PETERS DISTRICT JUDGE