ARMSTRONG, Judge.
Plaintiff, Michael Jambois appeals the trial court’s judgments dismissing plaintiff’s motions for a new trial and a suspension of child support/alimony pendente lite obligations and revoking its suspension of the 90 day jail sentence for failure to pay arrears. We reverse and remand this matter for a new hearing on plaintiff’s motions.
Plaintiff, Michael J. Jambois, Sr., filed suit, in proper person, for separation on February 7, 1990. His wife, Pamela Rodriguez Jambois, filed an answer and recon-ventional demand on February 13,1990 and rules requested were set for hearing on February 23, 1990. In the interim plaintiff retained counsel on a pay as you can basis.
On March 22, 1990 plaintiff filed bankruptcy listing debts of $94,489.57.
On April 20, 1990 a judgment was signed in which plaintiff was ordered to pay alimony pendente lite in the amount of $10.00 per week and pay child support for Mon-ette Michelle Jambois, the minor child of that marriage, in the amount of $35.00 per week. At the time of this order, plaintiff, who had been laid off from a government job which he held for over twenty years, was collecting unemployment in the amount of $107.00 per week and defendant was unemployed, collecting welfare and receiving limited financial assistance from a son attending college and a son with “on call” mostly part-time employment. Plaintiff made his child support payments directly to the Department of Social Services (DSS).
A judgment of separation was granted on May 15, 1990 finding both parties at fault in the break-up of the marriage and that neither party was entitled to receive permanent alimony.
So long as plaintiff received the $107.00 unemployment benefit, he paid the court-ordered sums promptly. Plaintiff’s benefits terminated on July 14, 1990.
On September 17, 1990 plaintiff’s attorney filed a motion to withdraw as counsel for non-payment of fees. Plaintiff’s attorney later sued him for sums owed on open account.
On September 18, 1990 defendant filed a rule for contempt urging that plaintiff was in arrears in alimony and child support *1238 through September 17, 1990, in the amount of $160.00, which rule was set for hearing on October 5, 1990 but was not heard until October 19, 1990.
On September 24, 1990, plaintiff filed, in proper person, a Petition Por Relief in which he asked the court to relieve him of his child support/alimony obligations until such time as he secured a job or other source of income. The court ordered defendant to show cause why the relief should not be granted.
On September 28, 1990, plaintiff filed, in proper person, an Answer To Rule For Contempt seeking an ex parte order dismissing the contempt charges filed against him on September 18, 1990, which was denied by the trial judge.
Contemporaneously, plaintiff filed, in proper person, an Amendment To Petition For Relief seeking an ex parte order of court temporarily relieving him from payment of alimony/child support, until such time as he obtains employment or other means of support. This request was denied by the trial judge.
At the hearing scheduled for October 5, 1990, plaintiff appeared without counsel. The trial judge appointed an attorney to represent him, since plaintiff would be subject to incarceration if he was found guilty of contempt, and continued this hearing until October 19, 1990.
The rules filed by both parties were heard on October 19, 1990. Plaintiff testified that he had a job and had worked for one week. He also testified that his mother provided for his food and lodging. Occasionally he received money from her and friends which he used to pay for incidental expenses such as the use of her automobile. He reiterated his desire to support his minor child.
Judgment was rendered dismissing plaintiffs rule to reduce or suspend child support, finding plaintiff in arrears and in contempt for his failure to timely pay court-ordered child and wife support and sentencing plaintiff to 90 days but suspending such sentence, provided he comply with the court’s order regarding payment of past due, current and future wife and child support.
On October 22, 1990, plaintiff filed, in proper person, a Petition For Reduction In Alimony And/Or Motion For A New Trial On The Merits. In this pleading, plaintiff advised the court that at the time of the October 19, 1990 hearing he in fact had been fired from the job that he testified to. He did not learn of this turn of events until he arrived home and received notice in the mail. A requested ex parte order lowering alimony and child support until such time as he is working or has some other means of support was denied by the court. A requested ex parte order that plaintiff be granted a new trial on the merits in the Rule For Contempt Hearing was signed by the court.
On November 7, 1990, plaintiff filed, in proper person, an Amendment To Petition For Reduction In Alimony And Motion For A New Trial On The Merits. A requested ex parte order nullifying the contempt judgment and ordering that he not pay child support and alimony until he is working again was denied by the court.
At the November 16, 1990 hearing, plaintiff appeared without counsel. Plaintiff advised the court of his unknowing communication of false testimony regarding his employment at the contempt hearing of October 19, 1990. He felt that this was a valid reason for granting a new trial because he was without income to pay the court-ordered wife and child support. Plaintiffs motion was denied, however his motion to reduce child support, from $35.00 per week to $20.00 per week, was granted.
On November 29, 1990, defendant filed a rule seeking to revoke the suspension of the 90 day jail sentence ordered and conditionally suspended by the court in its October judgment.
On December 14, 1990, plaintiff filed, in proper person, a Motion To File Appeal In Court of Appeals, of all the final judgments rendered against him by the trial court.
On December 26 and December 29, 1990, plaintiff filed, in proper person, a Rule For Contempt and a Motion To Reduce Alimony And/Or Motion To Suspend Payment And *1239 Alimony And Child Support During Period Of Unemployment, respectively.
At a January 4, 1991 hearing, plaintiff appeared without counsel. After due proceedings, the court ordered the suspension of the 90 day jail sentence revoked but stayed its execution until such time as this court ruled on plaintiffs appeal.
At a January 11, 1991 hearing, the trial court dismissed plaintiff’s outstanding rule and motion.
Plaintiffs appeal was lodged on May 13, 1991.
Plaintiff argues that at the October 19, 1990 trial his rights before the court were prejudiced by his court-appointed attorney. He claims that she kept the entire court waiting while she stood outside in the hall, talking to another attorney about a different case. The judge finally sent him out to get her and still she took her time. Then, she did not make it absolutely clear to the judge that the job he had just obtained was temporary. When he sought her advice about what would happen if he should lose the job, she informed him he just better not do so. When plaintiff complained about the trial court’s judgment, this attorney advised him that there was no recourse.
Furthermore, plaintiff argues that the trial court’s judgment should have been vacated since it was based on false evidence. At the time he testified to the job, a notice of termination had already been mailed to him.
Defendant argues that the trial court did not err in denying plaintiff a new trial because 1) Plaintiff failed to show any causal relationship between the court finding him in contempt for failing to timely pay court-ordered wife and child support and his false testimony relating to employment; and 2) the November 16, 1990 hearing in which plaintiff was asked to state why he should be granted a new trial essentially amounted to a granting of a new trial. Defendants conclude that while the trial court has great latitude in granting a new trial, the court could have found that plaintiff’s reasons did not constitute “good grounds” under La.C.C.P. article 1973 or did not fit into the frame-work of peremptory grounds outlined in La.C.C.P. article 1972.
All of plaintiff’s arguments appear to have merit. Plaintiff should be entitled to the opportunity to present law, which is sorely lacking in this case, as to contempt for failure to pay when one is unable to pay. Plaintiff has participated in most of these proceedings without benefit of counsel. At the hearing plaintiff is presently challenging, he had court-appointed counsel that he alleges was ineffective. Being a quasi-criminal proceeding, due process requirements of effective assistance of counsel should apply. La.C.C.P. further indicates that plaintiff is entitled to a new trial under article 1972(2). When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial is designated as a peremptory ground for a new trial.
Perhaps due to his lack of representation by counsel, plaintiff cites no law to support his contention that the trial court erred in refusing to consider his ability to pay when finding him in contempt of court. Plaintiff does recite facts that do demonstrate 1) so long as he received his unemployment benefits he paid his child support/alimony obligations in a timely fashion, 2) he has been looking for employment but his options are limited because of the state of the economy, his age, and his blindness in his right eye and 3) but for the support of his mother he would be homeless and dependent on government assistance. He presently receives food stamps. He claims that over the course of the last two years his mother, a sick and elderly person, has provided for him as best she can on her meager $445.00/month social security income. This is not the comfortable, leisurely existence that defendant maintains he keeps.
Defendant argues that La.Civil Code article 227 states that fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining and educating their children. In the case of Rutherford v. Rutherford, 452 So.2d 432 (La.App. 3d Cir.1984) the court, in dealing with an unemployed party seeking to *1240 avoid the payment of alimony based upon his unemployment, stated:
It is well-settled that, in order to excuse himself from the obligation of providing minimal financial assistance to his wife and children, a husband must show that he is absolutely unemployable, not merely that he is unemployed at the time. Sykes v. Sykes, 308 So.2d 816 (La.App. 4th Cir.1975); McKenna v. Steen, 422 So.2d 615 (La.App. 3d Cir.1982), writ denied, 429 So.2d 157 (La.1983) ...
Rutherford at 435.
Defendant contends that although the court in Romagosa v. Romagosa, 464 So.2d 1129 (La.App. 5th Cir.1985) held that a father who had exhausted his unemployment benefits and who made a showing of a thorough and conscientious job search should have a suspension of child support payments during his period of unemployment, this case is distinguishable. Defendant submits even if she were to concede that plaintiff has made a thorough and conscientious job search, the fact remains that plaintiff is able to live comfortably himself but somehow cannot provide “minimal” support for his family.
Defendant cites one instance where plaintiff accompanied her daughter and her school class to the aquarium arguing that not only was plaintiff not job-hunting but he incurred the expense of the automobile he used, admission and any refreshments he indulged in. Defendant argues that deference should be given to the trial court as the trier of fact in this case.
None of the cases cited by defendant are persuasive. Sykes, supra merely stands for the proposition that a presumption exists “that a healthy American male has an income capacity....” It then becomes the husband’s burden to prove that he has absolutely no means and is in such circumstances that he could not pay even minimal subsistence to his family. Rutherford, supra, from which defendant cites, goes on to say:
The plaintiff testified that he had not sought other employment, nor had he looked into the possibility of obtaining unemployment benefits. We should point out, however, that the plaintiff may not have had the opportunity to do so, having learned of his layoff just prior to the trial of this matter. Nonetheless, absent some showing that the plaintiff will be unable to find another job in his field at a comparable rate of pay, we feel compelled to conclude that his earning capacity has not changed. Our conclusion in this regard might be different had the record shown that the job market for the plaintiffs skills was substantially depressed, or that after diligently seeking new employment, the plaintiff was unable to secure another job, or that he was relegated to some employment which paid less than that in which he was formerly engaged.
The Rutherford case is therefore distinguishable. In the instant ease, the record is littered with job notices and copies of letters of application that demonstrate plaintiff has dilligently been seeking employment. In fact the only case that is on point with the facts presented to us is the one defendant tries to distinguish; Roma-gosa, supra.
In Romagosa, the father had been working as a sugar chemist in Sudan, Africa earning $24,000 per year at the time of the original judgment but had subsequently lost his job, had exhausted his $205.00 per week unemployment benefits and had been unable to find employment despite efforts to do so. Mr. Romagosa testified that he was living at the home of his fiance, that she loaned him her car and did not charge him for room or board. The court concluded that a sufficient change in financial position had been proven to entitle Mr. Roma-gosa to a suspension of child support payments during his period of unemployment.
Considering that plaintiff has been sentenced to jail and has hot been afforded the opportunity to contest the law as it pertains to his ability to pay constitutes “good reason” for granting him a new trial. La.C.C. article 111 provides:
If the spouse has not a sufficient income for maintenance pending suit for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for *1241 that spouse’s support, proportioned to the needs of the claimant spouse and the means of the other spouse.
(Emphasis added.)
Defendant has been receiving welfare payments and food stamps. In fact, plaintiff was making his child support payments directly to DSS. Plaintiff alleges that DSS informed him that they would not require child support payment as long as he was not working. DSS has not intervened in this matter.
For the foregoing reasons, we remand this case to the trial court and order that a new trial be held in which plaintiff is to be represented by counsel.
REVERSED AND REMANDED.