306 So.2d 799 (1975)
Allyn Cason NORRED, Plaintiff-Appellee,
v.
Richard E. NORRED.
No. 12509.
Court of Appeal of Louisiana, Second Circuit.
January 21, 1975.
James E. Franklin, Jr., Shreveport, for appellant.
Lewis Weinstein, Shreveport, for plaintiff-appellee.
Before BOLIN, PRICE and HALL, JJ.
BOLIN, Judge.
Plaintiff and defendant were divorced on October 31, 1973, and plaintiff was granted the care and custody of Ashley Raine Norred, issue of the marriage, and an award of $75 per month for her support. The present action was instituted on June 4, 1974 by Richard E. Norred against his former wife, seeking to have the custody of the child awarded to him. The mother answered, denying she was unfit to continue caring for her child, and filed a reconventional demand against Mr. Norred seeking to increase the child support from $75 to $200 per month.
Following trial the lower court rejected the father's demand to have custody of his child awarded to him and rendered judgment in favor of the mother, as plaintiff in reconvention, against the father increasing the award for support of their daughter from $75 to $150 per month. Richard E. Norred appeals from that portion of the judgment increasing the amount of child support. We affirm the ruling of the lower court.
The principal question is one of fact, since the law is well settled that an award of alimony for the support of a child is always subject to modification if it be shown there has been any change in the needs of the child or in the ability of the father to pay. Pettitt v. Pettitt (La.App.2d Cir. 1972), 261 So.2d 687. It is equally well-settled that the determination of the *800 amount of support to be paid is within the discretion of the trial judge and his decision should not be disturbed on appeal unless there has been a showing of abuse of this discretion. Gay v. Gay (La.App.2d Cir. 1969), 226 So.2d 926.
We find the record establishes the expenses necessary for the care of the minor, Ashley Raine Norred, have increased from the date the amount for child support was initially fixed, and that the income of the father has increased during this same period of time.
Accordingly, the judgment of the lower court is affirmed at appellant's cost.