MORIAL, Judge.
Kim Acosta obtained a judgment of separation from bed and board from Rhonda Fried Acosta on June 17,1976. The defendant mother was awarded the care and custody of the couple’s minor daughter Erica subject to reasonable visitation by the father. Kim Acosta was also ordered to pay $35.00 per week for the support of Erica.
On July 8, 1976 Kim Acosta sought a temporary suspension of the child support payments and a change in the visitation rights. He alleged in his rule that he was injured in an automobile accident in which he sustained a broken arm on July 1, 1976. Kim Acosta’s employment as a lithographer required the use of both arms. The injury resulted in his being out of work for at least ten to twelve weeks. Plaintiff received no income except welfare payments of $60.00 and $50.00 worth of food stamps during that period.
On August 18, 1976 the district court rendered judgment relieving Kim Acosta of the payment of eight weeks child support and ordered that payments be resumed on the first date due after September 16, 1976. Rhonda Fried Acosta appeals. We affirm.
The sole issue is whether or not the trial judge abused his discretion in relieving plaintiff of the payment of child support for eight weeks. We do not find an abuse of discretion and affirm.
Defendant argues that the court did not take the assets held by plaintiff into account. Plaintiff paid out $1,000.00 on a $1,500.00 hospital bill resulting from the accident. Plaintiff also purchased a car with the insurance proceeds received for the property damage to his car as a result of the accident. Defendant argues that he should have reserved a portion of these funds for the child support payments.
Plaintiff argues that as a result of the accident and subsequent injuries he suffered a substantial change in his financial condition. At the time of the hearing he had only $20.00 in his checking and savings account.
In seeking a modification of an award for child support, the mover must show that there has been a change in the *1210 needs of the child or in the ability of the father to make the payments Norred v. Norred, 306 So.2d 799 (La.App. 2 Cir. 1975). Plaintiff established at the hearing on the rule that he has suffered a temporary financial set back. He was out of work without pay for over two months and incurred substantial medical bills. We conclude that the plaintiff proved a sufficient change in his financial position to entitle him to a suspension of the child support payments. Slagle v. Slagle, 205 La. 691, 17 So.2d 923 (1944); Cino v. Cino, 237 So.2d 722 (La.App. 4 Cir. 1970); Lockwood v. Lockwood, 175 So.2d 313 (La.App. 2 Cir. 1965).
Plaintiff testified that he would be out of work for at least ten to twelve weeks. We have no evidence that he would not be out of work for the period of time which he stated. Under these circumstances we find that an eight week suspension was not an abuse of the district court’s discretion. See Norred v. Norred, supra.
For the foregoing reasons the judgment of the district court is affirmed.

AFFIRMED.

LEMMON, J., concurs and assigns reasons.