464 So.2d 1129 (1985)
Francisco R. ROMAGOSA
v.
Elder Vilma Villatoro ROMAGOSA.
No. 84-CA-326.
Court of Appeal of Louisiana, Fifth Circuit.
February 11, 1985.
*1130 Favret, Favret, Demarest & Russo, Clarence F. Favret, III, New Orleans, for appellant.
Wilmer G. Hinrichs, New Orleans, for appellee.
Before CHEHARDY, GRISBAUM and DUFRESNE, JJ.
CHEHARDY, Judge.
Plaintiff appeals from a judgment dismissing his rule to reduce child support payments, ordering past-due payments on certain community debts to be made executory, and directing him to submit a monthly report to the court detailing his efforts to obtain employment.
Plaintiff Francisco R. Romagosa and Elder Vilma Villatoro were married in 1967 in New Orleans. Three children were born of the marriage. In December 1979 the parties separated. The husband filed suit for divorce in 1981. His wife answered and reconvened, and thereafter judgment was rendered in favor of the husband awarding him a divorce, granting custody of the children to the mother and ordering the father to pay $600 per month for child support and to pay eight other itemized debts of the community. The judgment was by consent.
In 1983 plaintiff filed a motion to reduce because one of the children had reached the age of 18 and Mr. Romagosa had lost his job. He also filed a petition for partition. Mrs. Romagosa then filed a rule to increase and to have past-due payments due on two of the community debts (a total of $2,439.80) made executory.
Following trial of the rules, judgment was rendered ordering both rules dismissed, awarding the wife the $2,439.80 claimed, and ordering plaintiff to file a sworn written monthly report detailing his efforts to obtain employment.
Only Mr. Romagosa has appealed from the judgment. His undisputed testimony is that he was working as a sugar chemist in Sudan Africa earning $24,000 per year at the time the original judgment was agreed *1131 upon. The three children were minors at that time.
The uncontested evidence is that in December 1982 plaintiff lost his job and he has exhausted his $205-per-week unemployment benefits. He has been looking for work at many places, first as a sugar chemist, then as a supervisor or for anything he could find. He registered at the unemployment office, the sugar factories in Raceland, Vacherie and New Iberia, and investigated work in Central America, but because of the political situation he cannot work there. He has applications all over, including an employment agency, but has been unable to locate work. Other than a very small bank account he has no assets except his interest in the family home where Mrs. Romagosa lives with the two minor children. The oldest son no longer lives at home.
Mr. Romagosa presently lives at the home of his fiance. She lends him a car and does not charge him for room or board.
Mrs. Romagosa has neither contradicted the testimony, nor offered any evidence to controvert the same. Consequently since there is nothing in the record to indicate the testimony is false or unreliable it should be accepted. Deaton v. Deaton, 393 So.2d 408 (La.App. 1st Cir.1980); Stansbury v. Stansbury, 258 So.2d 170 (La.App. 1st Cir.1972).
Mrs. Romagosa works as a teachers aide. She earns $800 per month. The two minors are gifted children and she would like to send them to private schools. Last year her husband paid the son's tuition at Newman and he had paid the registration fee this year, but is unable to pay the tuition. She has been managing on her salary and the child support, but asked for an increase for the tuition. Plaintiff alleges the trial court erred (1) in dismissing his rule to reduce; (2) in ordering him to pay the $2,439.80; and (3) in ordering him to provide the court with a monthly report of his efforts to obtain employment. We agree with appellant's first contention.
In seeking a modification of an award for child support, the mover must show that there has been a change in the needs of the child or in the ability of the father to pay. Jordan v. Jordan, 432 So.2d 314 (La.App. 5th Cir.1983); Durbin v. Durbin, 424 So.2d 1130 (La.App. 1st Cir.1982); Acosta v. Acosta, 343 So.2d 1208 (La.App. 4th Cir.1977); Norred v. Norred, 306 So.2d 799 (La.App. 2d Cir.1975).
Plaintiff has proved a sufficient change in his financial position at the present time to entitle him to a suspension of child support payments during the period of his unemployment. Slagle v. Slagle, 205 La. 694, 17 So.2d 923 (1944); Cino v. Cino, 237 So.2d 722 (La.App. 4th Cir.1970); Lockwood v. Lockwood, 175 So.2d 313 (La. App. 2d Cir.1965).
In accordance with the judgment as set forth by our Supreme Court in the case of Slagle and the Lockwood case, we will annul and set aside the judgment insofar as it dismisses the rule filed by plaintiff to have the child support payments discontinued or reduced, and we will remand the case to the trial court to ascertain if the husband has returned to work and, if not, to satisfy the court that he has good reason for failing to do so.
The trial court shall exercise its sound discretion at the time of said hearing and is authorized to hold the case open or grant continuances, if additional time is required, to determine when the financial situation of the husband has changed.
After termination of the trial on remand the court shall render such judgment as is proper under the law and evidence, including ordering resumption of child support as provided in the original judgment, or a reduction thereof if necessary.
We disagree with appellant's second contention. In addition to the $600 per month child support, the original consent judgment of August 26, 1981 provided that Mr. Romagosa was to pay certain itemized debts of the community. When he did not pay two of those debts it became necessary for Mrs. Romagosa to pay them. She *1132 wants to be reimbursed for $2,439.80. Plaintiff claims since his wife voluntarily paid the debts they are no longer due and she is not entitled to be repaid.
Plaintiff consented to pay the itemized bills when the judgment was rendered. He took no appeal from the judgment which has now become final. Mrs. Romagosa paid two of the bills her husband had agreed to pay because it was absolutely necessary to do so. She did not intend to do so gratuitously. The trial court was correct in making the past-due award executory in her favor for the sum claimed.
We find no merit in appellant's third contention. The judgment ordering Mr. Romagosa to report his efforts to obtain employment was proper.
For the reasons assigned the judgment appealed from, insofar as it dismisses plaintiff's rule to have child support payments discontinued or reduced, is annulled and set aside, and the case is remanded to the trial court for further proceedings in accordance with the views expressed herein.
In all other respects the judgment appealed from is affirmed.
AFFIRMED IN PART; ANNULLED AND SET ASIDE IN PART; AND REMANDED.