518 So.2d 1098 (1987)
Gita Kamthan SAXENA
v.
Ram Shanker SAXENA.
No. 87-CA-325.
Court of Appeal of Louisiana, Fifth Circuit.
December 8, 1987.
Rehearing Denied February 17, 1988.
*1099 Robert C. Lowe, Edith H. Morris, Lowe, Stein, Hoffman & Allweiss, New Orleans, for defendant-appellant, Ram Shanker Saxena.
Sydney J. Parlongue, New Orleans, for plaintiff-appellee, Gita Kamthan Saxena.
Before KLIEBERT, BOWES and GOTHARD, JJ.
KLIEBERT, Judge.
The husband filed a rule for a reduction in previously ordered alimony payments. The wife responded with an exception of no cause of action. Following extensive arguments, which went beyond and far afield of a hearing on an exception of no cause of action, the trial judge maintained the exception. We amend, and as amended, affirm.
It is true, as argued by the counsel for husband-appellant, that the trial judge was in direct violation of La.C.C.P. Art. 931 and erred in considering evidence in sustaining the exception of no cause of action. The purpose of the exception of no cause of action is to question whether any legal remedy is available to the plaintiff under the allegations of the petition. The exception is triable on the face of the plaintiff's petition. La.C.C.P.Art. 931. Sanborn v. Oceanic Contractors, Inc., 448 So.2d 91 (La.1984); Ustica Enterprises v. Costello, 434 So.2d 137 (5th Cir.1983). Thus, as we view it the issue before us on this appeal is whether the husband's rule to reduce alimony and child support alleges sufficient facts to support a cause of action. The only allegation in the husband's pleadings is:
"... that his circumstances have changed to such a degree and extent, including without limitation, a diminution in his income and ability to pay, that mover is entitled to a decrease in the alimony and child support payments previously rendered herein."
Under our present jurisprudence, once the amount of alimony pendente lite has been set, the party seeking a change must show that the change in circumstances of one or both of the parties between the time of the previous judgment setting the amount and the time for modification of that judgment. Sonfield v. Deluca, 385 So.2d 232 (La.1980). Although the notice pleadings of our federal system has highly influenced pleadings in Louisiana and resulted *1100 in the acceptance by practicing attorneys and the judiciary of pleadings which are barely more than notice of a claim, our procedural law (C.C.P. Art. 891) still requires fact pleading.
In considering the validity of an exception of no cause of action all well pleaded facts are accepted as true. But, so-called allegations which are nothing more than conclusions are disregarded. Delta Bank & Trust Co. v. Lassiter, 383 So.2d 330 (La.1980). The petition must set forth the material facts upon which a cause of action is based; the allegation must be ultimate facts; conclusions of law or fact and evidentiary facts will not be considered. Wheelahan v. State of Louisiana through the Louisiana State Claims Review Board, 376 So.2d 576 (4th Cir.1979). The reasons for having fact pleadings is to advise the opposing litigant of the material facts which constitute the cause so that he may not be surprised or unprepared for trial. See Charlida, Inc. v. Superior Oil Co., 469 So.2d 448 (3rd Cir.1985).
In our view the allegation here is nothing more than a conclusion that the facts to be shown at trial will prove that he had a reduction in income sufficient to justify a reduction in the previously set alimony. To meet the legal requirements for fact pleadings the pleadings should state the ultimate facts upon which the conclusion is based, i.e., the amount of the husband's income at the time the alimony was previously set and the amount of his present income. Absent such an allegation which shows on the face of the pleadings the amount and extent of his diminution in income, the pleadings are not sufficient to state a cause of action.
Accordingly, we affirm the trial court's ruling and remand the case to the trial court and the husband is given fifteen (15) days from the date this ruling became final in which to amend his pleadings to state a cause of action.
AMENDED AND AS AMENDED, AFFIRMED.
BOWES, J., concurs in part and dissents in part.
BOWES, Judge, concurring in part and dissenting in part.
I agree and concur with the majority opinion insofar as it finds that the trial judge erroneously considered evidence in sustaining the exception of no cause of action. However, because the issue involved here presents such a basic and important procedural question, I dissent vigorously from that portion of the opinion which finds that the rule to reduce does not allege facts sufficient to state a cause of action.
In my view, the majority opinion correctly states that the only allegation (which seeks to state a cause of action) in the husband's petition is:
... "that his circumstances have changed to such a degree and extent, including without limitation, a diminution in his income and ability to pay, that mover is entitled to a decrease in the alimony and child support payments previously rendered herein."
Then, my esteemed colleagues of the majority conclude:
"In our view, the allegation here is nothing more than a conclusion that the facts to be shown at trial will prove that he had a reduction in income sufficient to justify a reduction in the previously set alimony. To meet the legal requirements for fact pleadings the pleadings should state the ultimate facts upon which the conclusion is based, i.e., the amount of the husband's income at the time the alimony was previously set and the amount of his present income. Absent such an allegation which shows on the face of the pleadings the amount and extent of his diminution in income, the pleadings are not sufficient to state a cause of action."
In my opinion, this conclusion is directly contrary to a long established procedural rule approved many times over the years by the Louisiana Supreme Court and the Louisiana Courts of Appeal (see citations quoted below) and more specifically in Haskins v. Clary, 346 So.2d 193 (La.1977):

*1101 The general rule applicable to trial of such exceptions is that an exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless plaintiff has no cause of action under any evidence admissible under the pleadings. West v. Ray, 210 La. 25, 26 So.2d 221 (1946); Babineaux v. Southeastern Drilling Corp., 170 So.2d 518 (La.App. 3 Cir. 1965). Because a petition is subject to more than one interpretation or is vague, does NOT mean that it is fatally deficient. A vague, uncertain, or indefinite petition is subject to an exception of vagueness, but NOT to an exception of no cause of action. Brunson v. Mutual Life Ins. Co. of N.Y., 189 La. 743, 180 So. 506 (1938); Goldsmith v. Virgin, 122 La. 831, 48 So. 279 (1909). [emphasis supplied]
See also Darville v. Texaco, Inc., 447 So.2d 473 (La.1984); Jenkins v. Ouachita Parish School Bd., 459 So.2d 143 (La.App. 2 Cir. 1984); Dier v. Hamilton, 501 So.2d 1059 (La.App. 2 Cir.1987).
In my opinion, in the allegation of the husband's rule that the majority has called "nothing more than a conclusion", appellant has clearly set forth a cause of action by stating that his circumstances and ability to pay have changed, including a diminution in income, which entitles him, if true, to a decrease in support payments.
The well-settled rule is that in seeking a modification of an award for child support, the mover must show there has been a change of circumstances or in the ability to pay. Romagosa v. Romagosa, 464 So. 2d 1129 (La.App. 5 Cir.1985); Durbin v. Durbin, 424 So.2d 1130 (La.App. 1 Cir. 1982); Acosta v. Acosta, 343 So.2d 1208 (La.App. 4 Cir.1977); Norred v. Norred, 306 So.2d 799 (La.App. 2 Cir.1975). In my view, there is no sacred necessity on the part of the father to quantitatively analyze the change in his ability to pay by elaborating his past and present income in order to state a cause of action. The change in his circumstances and ability to pay gives rise to the cause of action. Whether the change is sufficient to warrant a decrease is to be determined by the court after an evidentiary hearing. As pointed out in Haskins, supra, plaintiff's rule may well be subject to an exception of vagueness, but, in my book of logic, under Haskins and Romagosa, supra, and other authorities, it obviously does state a cause of action in the terms normally and usually used by practitioners (from my experience) to state this particular cause of action.
Accordingly, and particularly in view of the clear and unmistakable language in Haskins, and other authorities quoted, supra, I am at a loss to understand the reasoning of the majority opinion which seeks to nullify a long-established procedural rule. Therefore, I mightily dissent from this important and erroneous (in my view) ruling.
I would reverse the ruling of the trial judge and remand the case for a trial of the rule or for further proceedings, and tax all costs of this appeal to appellee.