BOWES, Judge.
Plaintiff-appellant Richard J. Bush (hereinafter Richard) appeals a judgment of the trial court denying his rule for reduction in support and ordering that support payments be made through the court, together with a three percent fee. We reverse.
Mr. and Mrs. Bush were divorced in 1981. Their two children, Travis and Troy, were in the permanent custody of Mrs. Bush (hereinafter Joan). Subsequently, both parties remarried, each having executed premarital contracts. In 1983, a plan for joint custody of the children was filed into the district court and approved. According to the plan, the children were to reside with the mother during the first six months of the calendar year, and with their father during the remaining six months. During the period of time in which the children would reside with their mother, Richard would pay $400.00 per month as child support. Additionally, Richard would pay school tuition and nursery school fees directly to the appropriate schools. The plan also had the following provisions:
The parents shall have equal authority over the upbringing, education and discipline of the children. They shall have equal rights and access to any and all matters affecting the children. They shall consult with each other, discuss and arrive at joint decisions involving any and all important matters pertaining to the education, health care, welfare, religious training, leisure activities, financial and all other matters, of the children.
[[Image here]]
This Plan may be modified upon the joint consent of both parents at any time as to any provision(s). Except for minor or temporary revisions or changes in provisions, each such modification should be reduced to writing and submitted to the Court for approval.
Nothing in this Plan shall prevent either parent from applying to the Court at any time for relief either to enforce compliance with the terms hereof or to seek prospective judicial modification hereof in the event of a breach by either parent *1176 or of a disagreement which they are unable to resolve.
Subsequently, in October, 1985, the plan was modified by a judgment of the trial court to the effect that each parent would be liable for one-half of the health care needs of the children (including insurance premiums).
In January, 1987, Richard filed a “Rule for Support, Rule For Reduction in Support” in which he requested that, due to changes in circumstances, Joan be ordered to pay child support to him during the period of time in which the children reside with him, or, alternatively, that he should be released of his obligation to pay child support during the period in which the children reside with their mother. In turn, Joan filed a rule for an increase in support and to make past due support executory.
The rules were heard before a hearing officer, pursuant to Louisiana Revised Statute 46:236.5,[1] in April, 1987. No transcript of that hearing, which appellant avers in his brief was submitted on oral argument of counsel at a bench conference, is in the record. However, the recommendation of the hearing officer was that the change in circumstances was insufficient to justify a reduction or increase. Further, the hearing officer recommended that payment be made through the court with a three percent fee [in accordance with R.S. 46:236.-5(B) ]. Joan agreed with the recommendation, but Richard did not, and requested a hearing in the trial court on his motion for reduction, including a hearing on the imposition of the three percent fee. In May, 1987, after a hearing on the rules, the trial court denied the rule for a decrease and ordered that the support in the amount of $400.00 per month continue, and upheld the recommendation of the hearing officer, including imposition of the fee.
Plaintiff appeals averring that he was penalized for disagreeing with the hearing officer’s recommendation by being required to pay the fee; that there was a sufficient change of circumstances to warrant a reduction in support; and that the trial court erred in upholding the hearing officer’s recommendation.
At trial, the only testimony taken was that of Richard and Joan. The only *1177 exhibit at trial was Richard’s expense list. At trial, Richard testified that since the support agreement in 1983, he suffered a loss of approximately $8,000 in his annual income. In this regard, he was cross-examined extensively by his wife’s counsel and gave the names of several construction contractors for whom he had done carpentry and foundation work on a self-employed basis. The attorney never requested that Richard furnish bank statements or any type of documentary proof of his present income and appeared to be satisfied with his testimony.
Richard further testified that his expenses had also increased, due (in pertinent part) to the fact that the eldest son Troy was scheduled to attend Archbishop Shaw High School, in the following school year. Tuition at Troy’s grammar school had been $900.00; at Shaw, tuition would be $2,100 per year, and tuition for the younger son, Travis, would be increased from $900 to $1,150.00 per year.
Joan testified that her housing expense decreased from $321.98 per month to a net of $115.00, when the other half of their double house is rented, as it had been “up until this month.” She also experienced a very small increase in income since 1983. She stated that she would love to see her son attend Archbishop Shaw, but that when Richard telephoned her about this, she told him that she could not afford to contribute toward the tuition and suggested that Troy remain in his grammar school for another year. Richard told her that he would “see her in court.” There was no evidence in the form of a statement of income and expenses submitted by Joan, but Joan did testify that she could foresee no extraordinary expenses for the children. Although food and entertainment were “more," absolutely no figures were given as to the actual expenses of the children.
In his oral reasons for judgment, the trial judge found that Richard was still obligated to pay the education expenses for the children, and that he had made an independent decision to send Troy to school that, which, while admirable, nevertheless could not operate to penalize Joan. The court felt that the analysis of the hearing officer was correct, that the amount of support previously ordered was appropriate, and ordered that amount to be continued to be paid through the court. He also affirmed the three percent fee.
In our opinion, the learned trial judge correctly found that Richard made an “independent” or unilateral decision to send Troy to another school, which amounted to a violation of the joint custody plan. The plan requires joint decisions on matters of education, and such was not followed by Richard in this case. Therefore, were that the only circumstance which had changed since the support was set, we would affirm the trial court completely.
However, the district judge did not address the question of Richard’s diminished income. There was no evidence to contradict Richard’s statement, and nothing in the record, including extensive cross-examination and the comments made by the trial court, to bring Richard’s credibility into question. In Romagosa v. Romagosa, 464 So.2d 1129 (La.App. 5 Cir.1985), a panel of this court considered the undisputed testimony of a father who stated that he had lost his job and exhausted unemployment benefits and commented as follows:
Mrs. Romagosa has neither contradicted the testimony, nor offered any evidence to controvert the same. Consequently since there is nothing in the record to indicate the testimony is false or unreliable it should be accepted. Deaton v. Deaton, 393 So.2d 408 (La.App. 1st Cir.1980); Stansbury v. Stansbury, 258 So.2d 170 (La.App. 1st Cir.1972).
In Romagosa, we also found that:
In seeking a modification of an award for child support, the mover must show that there has been a change in the needs of the child or in the ability of the father to pay. Jordan v. Jordan, 432 So.2d 314 (La.App. 5th Cir.1983); Durbin v. Durbin, 424 So.2d 1130 (La.App. 1st Cir.1982); Acosta v. Acosta, 343 So.2d 1208 (La.App. 4th Cir.1977); Norred v. Norred, 306 So.2d 799 (La.App. 2d Cir. 1975).
*1178 Plaintiff has proved a sufficient change in his financial position at the present time to entitle him to a suspension of child support payments during the period of his unemployment. Slagle v. Slagle, 205 La. 694, 17 So.2d 923 (1944); Cino v. Cino, 237 So.2d 722 (La. App. 4th Cir.1970); Lockwood v. Lockwood, 175 So.2d 313 (La.App. 2d Cir.1965).
In the present case, we similarly find that plaintiff-appellant sufficiently proved a change in his financial position to entitle him to a reduction in child support payments. The trial judge was manifestly erroneous in not considering Richard’s reduced income when affirming the recommendation of the hearing officer.
Furthermore, when arriving at an appropriate figure for child support, the court should consider the totality of all pertinent circumstances. Elfert v. Elfert, 501 So.2d 887 (La.App. 5 Cir.1987); Guillory v. Guillory, 503 So.2d 636 (La.App. 4 Cir.1987), and the award is to be fixed in proportion to the needs of the children and the noncustodial parent’s ability to pay. Elfert, supra; Duke v. Duke, 466 So.2d 595 (La.App. 5 Cir.1985). We find that the totality of the circumstances in the present case, with emphasis on Richard’s reduced ability to pay because of his decrease in income, supports a reduction of $100 per month in the present child support award to a new total of $300.00 per month.
Furthermore, nothing in the record supports the recommendation, approved and imposed by the trial court, that such payments should be made through the court and include a fee. Such court payments made under R.S. 46:236.5 are assessed a fee to fund the administrative costs of the expedited process. The avowed purpose of this section is to expedite the establishment or enforcement of support.
The present record does not disclose the reason for sanctioning Richard in this manner. Neither the findings of the hearing officer nor the oral reasons for judgment articulate any such reasons. Nothing in the record on appeal suggests the imposition of this requirement, because, even though there was a rule taken by the wife to make past due payments executory {after Richard had filed for a reduction), there is absolutely no proof that any such payments were past due. We are unable to determine how the requirement to pay support through the court will expedite the enforcement of the order in the instant case, nor does appellee provide us with such reasons, having not favored this court with a brief on appeal. In the absence of any purpose to be served by the court-ordered payments, we deem it was error for the trial court to impose such.
Accordingly, the judgment of the trial court is reversed. Support payments are hereby fixed in the amount of $300.00 per month for that period of time in which the children reside with their mother; the portion of the order to pay support through the district court, plus a three percent fee, is annulled.
Costs of this appeal are taxed to appel-lee.
REVERSED AND RENDERED.

. La.R.S. 46:236.5 states in pertinent part:
Sec. 236.5. Expedited process for establishment and enforcement of support
[[Image here]]
B. (1) Any court with jurisdiction to establish or enforce support obligations may implement an expedited process for the establishment or enforcement of support in accordance with the provisions of Subsection C of this Section. Such court may collect and distribute support obligations and may assess and collect a fee of not more than five percent of the support obligation to fund the administrative costs of the expedited process.
[[Image here]]
C. An expedited process for the establishment and enforcement of support shall be implemented as follows:
(1) The judge or judges of the appropriate court or courts for the establishment and enforcement of support shall appoint one or more hearing officers to hear support and support related matters.
(2) The hearing officer shall be a full-time or part-time employee of the court and shall be an attorney who is a member in good standing of the Louisiana State Bar Association.
(3) The hearing officer shall act as a finder of fact and shall make recommendations to the court concerning the following matters:
(a) Establishment and modification of support.
(b) Method of collection of support.
(c) Enforcement of support.
(4) The hearing officer may do the following:
(a) Administer oaths.
(b) Compel the attendance of witnesses and issue subpoenas.
(c) Take testimony.
(d) Accept voluntary acknowledgments of support liability and stipulated agreements setting the amount of support to be paid.
(e) Make a record of the hearings.
(f) Summarize testimony and make a written recommendation to the court concerning the disposition of the matter, including a recommendation for a default order if the absent parent does not respond to notice.
(5) The court shall hold a hearing on a matter that has been the subject of a hearing officer’s hearing, upon the filing of a motion by either party or on the court’s own motion. The judges of the court shall, by court rule, establish a procedure for requesting a court hearing and setting a time limit within which a party may request such a hearing. If no request for a hearing before a judge has been filed within the time established by court rule, an order shall be signed by the judge, which shall be a final judgment and be appealable to the appropriate court of appeal.