BOWES, Judge.
Appellant, Michael D. Barbot, appeals a judgment of the district court denying his rule to decrease child support. We affirm in part and reverse in part.
Janine Ziegler Barbot and Michael D. Barbot were divorced in a judgment dated December 17,1987, which found the parties mutually at fault. In that same judgment was an award of $650.00 per month for child support for the two minor children of the marriage. The December judgment increased by $200.00 per month a consent judgment of September 29, 1986, in which Mr. Barbot had agreed to pay support of $450.00 per month. The increase was made retroactive to the date that a rule for increase was filed (the relevance of this portion of the judgment will be discussed below).
On December 16, 1987, actually one day prior to the signing of the judgment, Mr. Barbot filed a rule to decrease child support (the $650.00 figure was rendered on November 9, 1987 in open court, but not reduced to writing until December 17th.). In his rule, Mr. Barbot alleged that a change of circumstances entitled him to a reduction. Specifically, he alleged that Mrs. Barbot had found employment and that his own income had decreased.
A hearing was held before a hearing officer pursuant to LSA-R.S. 46:236.5[1] on *542 February 10, 1988. At the hearing, which also encompassed a rule by Mrs. Barbot to make past due support executory, there was testimony that Mrs. Barbot had begun work shortly after the November 1987 hearing. Mrs. Barbot completed a list of income and expenses which was partially traversed at the hearing, but which was never admitted into evidence. After the hearing, the hearing officer denied the rule for a decrease, finding that while Mrs. Bar-bot’s income had increased, her expenses had similarly increased. The officer correctly stated that no evidence had been offered relative to the alleged decrease in Mr. Barbot’s income. The officer’s recommendation denying the decrease was made the judgment of the court on May 11, 1988, and from this judgment Mr. Barbot has appealed.
As we noted hereinabove, no evidence whatsoever was offered relative to Mr. Barbot’s alleged decrease in income. As to Mrs. Barbot’s alleged increase in income, appellee testified at trial that she was presently employed and earned $17,-000.00 a year. Her payroll check stub was discussed at trial, but never introduced into evidence and the amount thereof never mentioned in the transcript. Furthermore, while the attorneys agreed to stipulate as to Mrs. Barbot’s income and expenses, the stipulated amount of income was never entered into the record by way of testimony or any written documentation. Therefore, we are unable to determine the correct amount of Mrs. Barbot's salary after required deductions. The hearing officer found that Mrs. Barbot’s income, which at the time of the original judgment consisted of unemployment compensation benefits, *543 had increased in the amount of $170.00 per month.
Absent evidence to the contrary, we are unable to state that such finding was clearly erroneous. A photocopy of the financial statement of income and expenses is included in the record, but was never introduced as evidence at the hearing. Therefore, this court cannot consider such statement on appeal. Tenneco Oil Co. v. Chicago Bridge & Iron Co., 495 So.2d 1317 (La.App. 4 Cir.1986); State, Department of Highways v. Colby, 321 So.2d 878 (La.App. 1 Cir.1975).
The officer also found that Mrs. Barbot’s increase in income was offset by monthly expenses of a $200.00 per month increase in rent, $30.00 per month increase in insurance, and $160.00 per month increase in utilities. The oral traversal of Mrs. Bar-bot’s expenses does disclose such increases, which, contrary to Mr. Barbot’s assertions, we find to be neither outrageous nor unjustified. Consequently, we find no manifest error in the determination of the court that Mrs. Barbot’s increased income was offset by her expenses.
Mr. Barbot appears to argue that the $650.00 per month award is excessive in terms of his income. However, Mr. Barbot has not appealed that 1987 judgment which originally set the amount, and no change in Barbot’s income since that time was proven. Therefore, we cannot and do not consider this argument further on this appeal.
Appellant further suggests that his proven expenses and obligations exceed his income. Of the expenses testified to by Mr. Barbot at the hearing, we do not find that such have changed since the time of the original judgment. In point of fact, by the time of the February 1988 hearing, Mr. Barbot had moved back into the family domicile after Mrs. Barbot abandoned it; therefore, by February, he was obliged to pay only the house note (which he was already paying as of the original judgment), but not an additional $200.00 of rent which he had previously been paying in November of 1987. The change in his expenses since the original judgment actually operates as decreased expenses, and would obviously not support a rule to decrease his child support obligations.
Considering all of the foregoing, we find no abuse of discretion in the judgment of the court denying Mr. Barbot’s rule to decrease child support.
Appellant finally urges that it was error for the court to order the payment of support through the court when there was no contempt or grounds for this sanction. We agree.
In Bush v. Bush, 525 So.2d 1174 (La.App. 5 Cir.1988), we stated:
"... [Such] court payments made under R.S. 46:236.5 are assessed a fee to fund the administrative costs of the expedited process. The avowed purpose of this section is to expedite the establishment or enforcement of support.”
Mr. Barbot was ordered to pay $1,400.00 in past due support, which consisted of the $200.00 per month increase granted in November of 1987 and made retroactive to the date the rule for an increase had been filed. The hearing officer found that Mr. Barbot was current in his present obligations, and was satisfied “that Mr. Barbot takes his obligation and orders of the court seriously through his current payments of $600 [sic] a month child support.” A finding of contempt and attorney’s fees were both denied by the officer.
As in Bush, no reasons for this sanction, which involved payment of fees to the court, were given. The officer specifically found that Mr. Barbot was unable to pay the accumulated retroactive amount because of his income and “inability to pay” it. No intent as of nonpayment or underpayment was otherwise disclosed. As in Bush, we are unable to determine how the requirement to pay support through the court will expedite the enforcement of the order in the instant case, and, as in Bush, we deem it was error to impose such sanction in the absence of any purpose to be served thereby. Additionally, the assessment of a fee serves only to exacerbate the already difficult financial situation of Mr. Barbot.
*544 For the foregoing reasons, the portion of the judgment denying Mr. Barbot’s rule for decrease and ordering continued payment of $650.00 per month in child support is affirmed, but that portion of the judgment ordering that such payments be made through the court is annulled and set aside.
No other aspects of the judgment of May 11, 1988, have been appealed.
Each party is assessed its own costs of this appeal.
AFFIRMED IN PART AND ANNULLED IN PART.
GAUDIN, J., dissents and will assign reasons.

. LSA-R.S.46:236.5 states in pertinent part: B.
(1) Any court with jurisdiction to establish or enforce support obligations may implement an expedited process for the establishment or enforcement of support in accordance with the provisions of Subsection C of this Section. Such court may collect and distribute support obligations and may assess and collect a fee of not more than five percent of the support obligation to fund the administrative costs of the expedited process.
(2) If such court elects not to collect and distribute support obligations, such court may assess a fee in each case payable by the obligor not to exceed twenty-five dollars to fund the expenses incurred by the district indigent de *542 fender board in the representation of individuals ordered to pay support under Subsection A of this Section. The court may designate the district indigent defender board as agent for the collection of the assessed fee. However, the provisions of R.S. 46:236.5(B)(2) shall not apply to the courts of Orleans Parish.
C. An expedited process for the establishment and enforcement of support shall be implemented as follows:
(1) The judge or judges of the appropriate court or courts for the establishment and enforcement of support shall appoint one or more hearing officers to hear support and support related matters.
(2) The hearing officer shall be a full-time or part-time employee of the court and shall be an attorney who is a member in good standing of the Louisiana State Bar Association.
(3) The hearing officer shall act as a finder of fact and shall make recommendations to the court concerning the following matters:
(a) Establishment and modification of support.
(b) Method of collection of support.
(c) Enforcement of support, including but not limited to proceedings under R.S. 14:75 through R.S. 14:75.2.
(d) Uncontested paternity cases in which an action was brought by the state on behalf and in the interest of any mother who is the recipient of state aid to families with dependent children or who is otherwise eligible under state law for such services.
(4) The hearing officer may do the following:
(a) Administer oaths.
(b) Compel the attendance of witnesses and issue subpoenas.
(c) Issue bench warrants for the failure to respond to summons or attend hearings or produce documents as ordered or for the failure otherwise to appear in court or at hearings.
(d) Conduct hearings on bench warrants issued in accordance with this Section and recommend punishment to the court.
(e) Take testimony.
(f) Recommend punishment by the court for the direct or constructive contempt of an order of a hearing officer.
(g) Accept voluntary acknowledgments of support liabilities and stipulated agreements setting forth the amount of support to be paid and advising defendants of all rights, including but not limited to the right to counsel.
(h) Make a record of the hearings authorized by this Section.
(i) Set forth or summarize findings and make a written recommendation to the court concerning the disposition of the matter, including but not limited to contempt findings and recommendations for a default order if the absent parent does not respond to notice.
(j) Sign and issue all rules nisi, orders to appear and show cause, and other orders necessary to the performance of the duties of the office.
(5)The court shall hold a hearing on a matter that has been the subject of a hearing officer’s hearing, upon the filing of a motion by either party or on the court’s own motion. The judges of the court shall, by court rule, establish a procedure for requesting a court hearing and setting a time limit within which a party may request such a hearing. If no request for a hearing before a judge has been filed within the time established by court rule, an order shall be signed by the judge, which shall be a final judgment and be appealable to the appropriate court of appeal.