J2BAGNERIS, Judge.
Sandra L. Brooks appeals the dismissal of her Petition of Nullity on an Exception of No Cause of Action. The District Court granted the Exception of No Cause of Action finding the petition failed to state a cause of action where fraud, error, or misrepresentation, existed in procuring the November 14,1996, consent judgment entered into by the parties.

FACTS

Sandra Lewis Brooks and Edward J. Brooks were married on December 14,1974. The parties were divorced in January, 1994. In June 1995 Edward Brooks filed a Petition to Partition the Community Property. On November 14, 1996 a Consent Judgment was read into the record.
Judgment was drafted, however Sandra Brooks refused to sign the judgment. The judgment was submitted to Judge Terri Love for signature along with the transcript of the November 14,1996 consent judgment.
I3A Petition and Order for Appeal was filed on March 12, 1997 and was denied by Judge Lloyd Medley. Subsequently, Sandra Brooks filed a Petition for Nullity. Edwards Brooks filed a Rule for Contempt and to Compel Enforcement of Judgment, because Sandra Brooks stopped paying the house note on the former family home, which was awarded to her pursuant to the consent judgment of the community property partition. Edward Brooks filed an Exception of No Cause of Action to the Petition for Nullity.
On November 5, 1997, Judge Lloyd Medley, granted the Exception of No Cause of Action. The Court specifically found that the Petition for Nullity failed to state a cause of action where fraud, error, or misrepresentation existed. Further, the court opined that neither did the supplemental and amending petition state any facts upon which to cause the court to throw out a valid consent judgment and force the parties to begin the litigation process all over again. Sandra Brooks filed a Motion for New Trial, and an Application for Re-hearing which was denied.
On appeal, Sandra Brooks argues that the trial court erred; (1) in sustaining the Exception of No Cause of Action because her petition stated a cause of action; (2) because the November 14, 1996 Consent Judgment was obtained by fraud and ill practice; (3)be-cause there was outstanding discovery and a motion to compel related to the community assets omitted from the community property settlement; (4) when the court failed to order Edward Brooks to give an accounting of all community funds under his control at the termination of the community property regime which was requested in the supplemental and amending petition for nullity; |4(5) when it barred the claim for a partition of community assets omitted from the community property settlement. Discussions of assignments of error 2 through 5 are preter-mitted because we they find are without merit.
In Saxena v. Saxena, 518 So.2d 1098 (La.App. 5 Cir.1987); the Court stated
The purpose of the Exception of No Cause of Action is to question whether any legal remedy is available to the plaintiff under the allegations of the petition. The exception is triable on the face of the plaintiffs petition. Id. 1099
Further, the Court stated:
In considering the validity of an Exception of No Cause of Action all well pleaded facts are accepted as true. But, so called allegations, which are nothing more than conclusions are disregarded. The Petition must set forth the material facts upon which a cause of action is based. The allegation must be ultimate facts; conclusions of law or fact and evidentiary facts will not be considered.... To meet the legal requirements for fact pleadings, the *479 pleading should state the ultimate facts upon which the conclusion is based. Id[. at] 1100
In the instant case, the Petition for Nullity filed by Sandra Brooks contained the following;
On November 14, 1996, Sandra Brooks did not give her informed consent to the stipulation; rather she consented based upon misrepresentation of fact. ...the Consent Judgment fails to(sic) and not provide for the receipt by Sandra Brooks of at least three-eighths (%) of the true value of the community property. Edward Brooks has failed and /or refused to make known to Sandra Brooks all of the assets owned by the community, thereby fraudulently concealing community assets.”
The Court finds that Sandra Brooks failed to provide material facts regarding the “misrepresentation of fact” that she relied upon in order to conclude that her consent on November 14, 1996 was not informed. Further, the Court finds Sandra Brooks failed to provide material facts concerning the alleged “true value” of the community property. Furthermore, Sandra Brooks failed to provide material facts |5to support her conclusion of fraudulent acts committed by Edward Brooks and/or his counsel.
Thus, we find the trial court was correct in its ruling that the Petition for Nullity filed by Sandra Brooks failed to allege any material facts upon which she based her claims of fraud, misrepresentation and error. The Petition for Nullity merely sets forth conclusions rather than material facts to support those conclusions. Therefore, absent such material facts on the face of the pleadings, the pleadings are not sufficient to state a cause of action. Therefore, We affirm.