6 So.3d 184 (2008)
Celia M. LAUVE
v.
Richard M. LAUVE.
No. 2008-CA-0076.
Court of Appeal of Louisiana, Fourth Circuit.
August 20, 2008.
Opinion Granting Rehearing February 11, 2009.
Writ Denied March 24, 2009.
*186 Robert C. Lowe, Paula H. Lee, Lowe Stein Hoffman Allweiss & Hauver, L.L.P., New Orleans, LA, for Plaintiff/Appellant.
Cindy H. Williams, Metairie, LA, for Defendant/Appellee.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge MICHAEL E. KIRBY, Judge Pro Tempore MOON LANDRIEU).
MICHAEL E. KIRBY, Judge.
Ms. Celia M. Lauve appeals the granting of Dr. Richard M. Lauve's Motion to Reduce Child Support.
A Consent Judgment dated December 21, 2001, ordered Richard M. Lauve to pay six thousand ($6,000) per month in child support for his two children. At that time VHA Gulf States employed Dr. Lauve as a physician executive with earnings of approximately $350,000 per year. Subsequent to Hurricane Katrina, Dr. Lauve was terminated by VHA Gulf States and received his last paycheck from this employer in August of 2006.
On August 14, 2006, Dr. Lauve filed a Motion to Reduce Child Support. The hearing date for this matter was October 6, 2006. On October 2, 2006, counsel for Ms. Lauve filed his first Motion to Continue. The matter was reset to December 1, 2006.
On November 21, 2006, Ms. Lauve filed another Motion to Continue based on a conflict of her counsel's trial calendar. Ms. Lauve's counsel alleged that he had two other matters set for that day. Over Dr. Lauve's objection, the matter was continued again.
During these continuances, Dr. Lauve continued to pay $6,000 per month in child support. Extensive discovery was conducted by both sides.
Shortly after Ms. Lauve's counsel filed his Motion to Continue the December 1, 2006 court date, he filed a Supplemental Motion to Continue in which he alleged that Dr. Lauve had not sufficiently answered discovery. The trial court declined to make a finding on the sufficiency of Dr. Lauve's production of documents. Rather, over Dr. Lauve's objection, the matter was once again continued until January 25, 2007. On January 5, 2007, Dr. Lauve filed a Motion to Compel Discovery. On January 17, 2007, Ms. Lauve filed a Motion to Compel Discovery. These matters were also set for January 25, 2007.
*187 On January 18, 2007, five months after Dr. Lauve filed his Motion to Reduce Child Support and discovery, Ms. Lauve's counsel filed an Exception of No Cause of Action, alleging that Dr. Lauve's allegations were "conclusory allegations" and that Dr. Lauve had failed to state a cause of action.
Ms. Lauve's counsel's Exception of No Cause of Action was filed just one week prior to the January 25, 2007 hearing date. It was not served on Dr. Lauve's counsel until January 23, 2007. On January 25, 2007, the trial judge conducted a meeting in his chambers with both parties' attorneys present.
On March 23, 2007, the matter finally went to trial. Ms. Lauve produced an expert witness, Bobby Roberts, who had never been disclosed to Dr. Lauve's counsel or the trial court. Dr. Lauve objected and produced a letter dated January 30, 2007 in which she requested Ms. Lauve's counsel to disclose his witnesses. Ms. Lauve's counsel argued that he did not have to respond to letters, but only formal discovery requests. The trial court refused to hear the testimony of Ms. Lauve's witness, Mr. Roberts, but allowed the testimony to be proffered.
Subsequent to the proffer, another of Ms. Lauve's witnesses, C.P.A. Mike Kingsbery, had a personal emergency and the matter was continued until April 12, 2007.
Trial resumed on April 12, 2007, wherein both parties and their respective certified public accountants testified. It was proven at trial that Dr. Lauve's income for 2007 was $141,897. It was proven at trial that Ms. Lauve's income for 2006 and 2007 was and would be about $58,000. The trial court ruled in a Judgment dated April 12, 2007 that Dr. Lauve's monthly child support obligation should be reduced to one thousand six hundred twenty dollars ($1,620) retroactive to January 1, 2007.
In its Reasons for Judgment, the trial court found that: after Katrina Dr. Lauve's employer had discontinued his position; Dr. Lauve is no longer a board certified internist and he had not seen a patient in 15 years; Dr. Lauve's income reduction was through no fault of his own and was not in bad faith; Dr. Lauve is not voluntarily underemployed; Dr. Lauve's income reduction, pursuant to La. R.S. 9:315.21(c), was not effective until January 1, 2007, as opposed to date of judicial demand in August of 2006.
Ms. Lauve assigns the following as errors of the trial court's Judgment: failure to rule on an exception of no cause of action; Dr. Lauve did not meet his burden of proof to reduce child support; refusing to allow Ms. Lauve's expert witness testimony; failure to find Dr. Lauve was underemployed.

DISCUSSION
The question on the first assignment of error is whether the pleadings were enlarged by the discovery and trial of this matter so as to satisfy the exception of no cause of action.
Ms. Lauve cites Saxena v. Saxena, 518 So.2d 1098 (La.App. 5 Cir.1988) for the proposition that Dr. Lauve did not allege sufficient facts to state a cause of action, such as the loss of his job as being the reason for his material change in circumstances. Saxena is distinguishable from this case, as here, extensive discovery for over five (5) months was conducted as well as a trial on the merits. After trial, the court implicitly found in its Judgment, sufficient facts were introduced and proven so as to enlarge the pleadings, i.e., Dr. Lauve's Motion to Reduce Child Support. Ellefson v. Ellefson, 616 So.2d 221 (La.App. 5 Cir.1993).
Moreover, in Shear v. Shear, 96-934 (La.App. 5 Cir. 5/28/97), 695 So.2d 1026, *188 our brethren found that where a party, who has filed exceptions in district court, does not insist upon trial and ruling on his exceptions, they are deemed waived, and need not be considered by the court on appeal. Shear, at 1031.
Specifically in this case, after greater than five (5) months of discovery that included certification of the job loss, ample discussion between both parties' certified public accountants, it was disingenuous for Ms. Lauve's counsel to file an exception of no cause of action. Ms. Lauve in theory may have had a dilatory exception of vagueness at that point in time due to the actual pleading. The record contains more than sufficient, admitted evidence to prove that Dr. Lauve had a cause of action. Therefore, in its exercise of discretion in managing its docket and the judiciary's time, we find the trial court did not abuse its discretion, in allowing the expansion of the pleadings at trial. That expansion effectively mooted Ms. Lauve's exception. We find no error in the trial court's judgment as regards the implicit expansion of the pleadings.
The appellate review of findings of fact is that of manifest error or clearly wrong standard. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Franco v. Franco, XXXX-XXXX (La.App. 4 Cir. 3/16/05), 900 So.2d 164.
As concerns Ms. Lauve's assignments of error that Dr. Lauve was voluntarily underemployed and that he did not meet his burden of proof in his action to reduce his child support, both are factual findings. Thus, the manifest error standard applies.
The record contains evidence that Dr. Lauve lost his job and incurred a resultant decrease in income. The novel theory advanced by Ms. Lauve's counsel that Dr. Lauve should be forced to move to Missouri to potentially earn similar income is without basis. Testimony was presented by both parties' certified public accountants, Mary Hammatt for Dr. Lauve and Michael Kingsbery for Ms. Lauve, regarding income, or lack thereof.
As regards the issue of underemployment, we are guided by La. R.S. 9:315(C)(5)(b), which defines "income" and states:
Potential income of a party, if the party is voluntarily unemployed or underemployed. A party shall not be deemed voluntarily unemployed or underemployed if he or she is absolutely unemployable or incapable of being employed, or if the unemployment or underemployment results through no fault or neglect of the party. [Emphasis added.]
The record in the evidence shows that after Hurricane Katrina, Dr. Lauve's position was discontinued. The trial court could also take judicial notice of the chaos that ensued following that storm, which certainly affected the region's economy. Thus, after proving loss of his job through no fault of his own, the burden shifted to Ms. Lauve to prove that he lost his job through some fault of his own.
In Mayo v. Crazovich, 621 So.2d 120 (La.App. 2 Cir.1993), the husband quit his job earning approximately $30,000 annually in order to start his own business. The wife alleged her former husband was voluntarily underemployed to avoid his child support obligation. The court found that the husband acted in good faith. Although he was currently having financial problems related to starting a new business, he was working diligently to make a profit and therefore was not voluntarily underemployed. See also Saussy v. Saussy, 93-1303 (La.App. 3 Cir. 6/15/94), 638 So.2d 711.
*189 There is evidence in the record that Dr. Lauve is no longer board certified as an internist and has not seen a patient in 15 years. It logically follows that the downsizing of post-Katrina New Orleans naturally reduced the number of physician executives required. The record also contains evidence that in the long term, Dr. Lauve's consulting business may produce greater returns in the future, which reflects a good faith effort of Dr. Lauve to be productive.
Our review of the record reveals that there is sufficient evidence in the record that would permit a reasonable person to conclude that Dr. Lauve was not voluntarily underemployed and that he did meet his burden of proving his material circumstances had changed so as to merit a reduction in child support payments. Moreover, the trial court's finding of good faith and credibility on the part of Dr. Lauve has support in the record. See also, Curet v. Curet, 02-212 (La.App. 5 Cir. 6/26/02), 823 So.2d 971, (Mr. Curet not found voluntarily underemployed even though his firing was allegedly for violating employer's conduct standards); State v. Battson, 36,336 (La.App. 2 Cir. 9/18/02), 828 So.2d 132, (Mr. Battson not found voluntarily underemployed where after loss of radio job accepted employment at Wal-mart.) These assignments of error have no merit.
As concerns Ms. Lauve's assignment of error that the trial court improperly denied the proffered testimony of Ms. Lauve's witness, we find that at most it was harmless error. A trial judge has great discretion in the admissibility of evidence and its decision to admit or exclude evidence may not be reversed on appeal unless there is an abuse of that discretion. Boykins v. Boykins, XXXX-XXXX, p. 4 (La.App. 4 Cir. 4/24/07), 958 So.2d 70, 74. We find no such abuse of discretion.
Moreover, as this Court held previously in a writ taken by Ms. Lauve on this issue, the examination and cross-examination was included in a formal proffer and preserved for appeal. We have reviewed said expert's proffer and its highly speculative testimony. The proffer contains nothing that would alter the factual finding that a reasonable person could not reach the factual conclusions that the trial court reached on the issue of Dr. Lauve meeting his burden of proof as well as in finding that he was not underemployed.
As regards what appears to be a clerical error in the Reasons for Judgment, stating that the parties stipulated, based upon work product of Ms. Lauve's expert, Mr. Kingsbery, that Dr. Lauve's income was $141,879 for the year 2006 as opposed to the year 2007, we find this to be harmless error. It is harmless because trial occurred during March and April of 2007, no one could say for certain what Dr. Lauve's income for 2007 would be until the end of that year.
As regards Ms. Lauve's assignment of error that the trial court should have granted the motion for new trial, she argues nothing new that is not addressed in the proceeding assignments of error. Moreover, because the judgment was not contrary to the law or the weight of the evidence, the granting of a new trial was not mandatory. La. C.C.P. art. 1972. Therefore, there is no merit in this assignment of error either.
For the aforementioned reasons, we affirm the trial court's Judgment.
AFFIRMED.
ARMSTRONG, C. J., concurs in the result.
ARMSTRONG, C.J., concurs in the result.
I respectfully concur in the result reached by the majority.

*190 ON APPLICATION FOR REHEARING
MICHAEL E. KIRBY, Judge.
We grant the application for rehearing of plaintiff-appellant, Celia Lauve, for the sole purpose of revising our calculations of Dr. Lauve's monthly child support obligation. Our prior opinion affirmed the trial court's reduction of Dr. Lauve's monthly child support obligation. Ms. Lauve argues that the trial court erred in failing to add to the basic child support obligation, health insurance premiums in the amount of $169.00 per month, extraordinary medical expenses in the amount of $769.00 per month, and private school expenses in the amount of $759.00 per month. We agree.
The statutory guidelines for calculating child support are set forth in La. R.S. 9:315 to 9:315.20. Pursuant to these guidelines, the following expenses incurred on behalf of the child may be added to the basic child support obligation:
1. Health insurance premiums. La. R.S. 9:315.4;
2. Extraordinary medical expenses. La. R.S. 9:315.5; and
3. Private school expenses. La. R.S. 9:315.6.
In the present case, the record reflects that the additional expenses incurred on behalf of the Lauve children were not in dispute. Accordingly, we find that the trial court erred in failing to include the above listed expenses in calculating Dr. Lauve's total child support obligation.
The parties stipulated that Dr. Lauve's 2006 annual income was $141,897.00, and Ms. Lauve's 2006 annual income was $58,000.00. This gives Dr. Lauve a gross monthly income of $11,824.75, and Ms. Lauve a gross monthly income of $4,833.33. Taken together, the parties' monthly adjusted gross income is $16,658.08. Dr. Lauve's proportionate share is seventy-one percent (71%), and Ms. Lauve's proportionate share is twenty-nine percent (29%). Pursuant to the schedule for support set forth in La. R.S. 9:315.19, the basic child support obligation for two children is $2,297.00.
Adding health insurance premiums of $169.00, extraordinary medical expenses of $769.00, and private school expenses of $759.00 to the basic child support obligation of $2,297.00, yields a total monthly child support obligation of $3,994.00. Dr. Lauve's seventy-one percent share of the total monthly child support obligation is $2,835.74.
For the aforementioned reasons, we grant the application for rehearing and amend the trial court judgment to set Dr. Lauve's monthly child support obligation at $2,835.74. In all other respects, the trial court judgment is affirmed.
REHEARING APPLICATION GRANTED; JUDGMENT AMENDED, AND AS AMENDED.
ARMSTRONG, C.J., respectfully concurs with reasons.
I agree with the majority opinion's result, and write separately to address the Motion to Dismiss filed by the defendant-appellee. Having considered the matter, I would deny the motion.